[No. 2154.]

T. A. WILLIAMS *v.* THE STATE.

1. THEFT—INFORMATION.—See the statement of the case for an information *held* sufficient to charge misdemeanor theft.
2. SAME—EVIDENCE—VENUE.—See the opinion for evidence *held* sufficient to establish the venue.
3. SAME—CHARGE OF THE COURT.—See the opinion *in extenso* for special charges asked on a trial for misdemeanor theft, which should have been given because correct as legal principles and demanded by the facts in proof.

APPEAL from the County Court of Rains. Tried below before the Hon. E. P. Kearby, County Judge.

The conviction in this case was for theft of property of value less than twenty dollars. The penalty assessed against the appellant was a fine of twenty-five dollars, and confinement in the county jail for one hour.

The charging part of the information reads as follows: "* * * T. A. Williams, on or about the fourteenth day of December, A. D. 1884, in Rains county, Texas, did fraudulently take, steal and carry away seven hundred and thirty feet of lumber, of the value of one dollar per hundred feet, and of the aggregate value of seven dollars and thirty cents, which said lumber was the corporeal personal property of M. A. Vincent, A. N. Abercrombie and W. M. Reeves, who owned and controlled said lumber as trustees of Brooklin school community, and for the use of said community; that said Williams so fraudulently took said lumber without the consent of the said owners or either of them, and with intent to deprive the owners, one and all of them, of the value of said lumber, and with intent to appropriate the said lumber to the use and benefit of him, the said T. A. Williams, and that said lumber was obtained and taken from the possession of J. T. Stivers by the said T. A. Williams by means of false pretexts and pretenses; and said false pretexts and pretenses were in substance and to the effect that the said Williams was properly authorized to demand and receive such lumber, and by presenting to the said Stivers a due bill for said lumber, which said due bill the said Williams denied having when the same was demanded of him by one C. C. Hawkins, who was at the time of making said denial, acting as trustee of said Brooklin school community; which said false pretexts and pretenses, made by the said Williams, was wholly false and untrue, and that he did not have the authority to demand and receive said lumber, and he well knew that he held and presented said due bill with the fraudulent intent to get possession of said lumber, and with a purpose and intent to deprive the owners and each of them of the value of said lumber, and to appropriate the same to the use and benefit of him, the said T. A. Williams; and that the said Williams did so appropriate said lumber, against the peace and dignity of the State."

C. C. Hawkins was the first witness for the State. He testified that he had known the defendant since 1883. In that year the witness was elected trustee of the Brooklin school community, and since his election has, in connection with the other trustees, controlled the property of the said community. The books of the community showed that the community had a credit of seven hundred and thirty feet of lumber at the Boss mills. M. A. Vincent, A. N. Abercrombie and W. M. Reeves were elected trustees of the Brooklin school community in 1884, succeeding

the witness and his colleagues. The ownership in trust and control and management of the community passed to the parties named when they assumed the offices to which they were elected. The witness knew nothing about the defendant getting the seven hundred and thirty feet of lumber from the mills, as that happened after the witness vacated office. Defendant subscribed ten dollars or ten days' work toward the building of the Brooklin school house. He never paid his subscription. He did a little work on the school house, for which he received pay. The citizens of the community called a meeting to adjust the affairs of the community, and ascertain who were in arrears and who had paid their dues. The defendant attended that meeting. E. R. Fluellen and two others were constituted a committee to investigate and report on the condition of the community. Witness once asked the defendant for a due bill or other showing for the lumber due the community, but he said that he did not have any. The defendant submitted his claim against the community, and upon adjustment of the same it was ascertained that all just demands being allowed him, he was still due the community three or four dollars. He appeared to be dissatisfied with the settlement, and to satisfy him another meeting was called. The defendant did not appear at that meeting, and was sent for, but refused to attend, though the meeting was held within three or four hundred yards of his residence. He sent in an itemized account, which was thought to be incorrect, as he had previously used six hundred feet of lumber belonging to the community, and had returned but one hundred feet. No work was done on the school house after the first meeting spoken of. In the first instance Fan Montgomery and the defendant were sent to the mill to haul the lumber to the school house, but they left seven hundred and thirty feet at the mill, and those seven hundred and thirty feet never did pass into the actual possession of the witness and his colleagues, or the board of trustees.

Witness went with Reeves and Abercrombie to the office of the county attorney to institute prosecutions against defendant for the theft of the lumber. They were told by that officer that prosecution for the theft of the six hundred feet was barred by the statute of limitation, and with respect to the seven hundred and thirty feet he advised that the proprietor of the mill first be communicated with, and all of the facts ascertained. W. M. Reeves wrote to the mill man demanding the seven hundred and

thirty feet of lumber due the community. The witness saw that letter and knew that it was written after defendant got the lumber. Witness heard Reeves say that he was going to prosecute the defendant for the theft of the seven hundred and thirty feet of lumber, but he never did so. Witness did not know the present whereabouts of W. M. Reeves, but supposed him to be in Alabama.

A. N. Abercrombie was the next witness for the State. He testified that he, M. A. Vincent and W. M. Reeves were the trustees of the Brooklin school community, in Rains county, Texas, in 1884, and as such trustees they owned and controlled the property of that community, including the seven hundred and thirty feet of lumber mentioned in the information. The witness never gave his consent to the defendant or other person to take that lumber. Witness went with C. C. Hawkins and W. M. Reeves to the office of the county attorney to institute a prosecution against the defendant for the theft of this lumber. The lumber described was left at the Boss mills in Wood county, Texas. Mr. Reeves, on behalf of the trustees, wrote a letter to Mr. Stivers, the owner of the Boss mills, demanding the lumber. The witness heard W. M. Reeves say that the defendant had stolen the seven hundred and thirty feet of school house lumber, and should be prosecuted for it. He also heard W. M. Reeves swear, on a former trial of this cause, that he authorized the defendant to get the lumber. Reeves was brought from jail on that occasion to testify. The witness saw Mr. Stivers's answer to the letter demanding the lumber. Stivers wrote that defendant hauled the lumber away on the tenth day of December, 1884. The community books showed that defendant had previously borrowed six hundred feet of lumber from the school community, and had returned but one hundred feet. The county attorney said that action for the six hundred feet of lumber was barred by the statute of limitations, and advised correspondence with the mill man about the seven hundred and thirty feet before the institution of proceedings. Reeves left the county shortly after he testified that he authorized defendant to get the lumber. He was now supposed to be in Alabama.

Cross examined, the witness said that a meeting was held to adjust the community affairs, at which the defendant was present and submitted his claim. He was found to be in debt to the community some three or four dollars. Defendant expressed dissatisfaction at the settlement reached, and asked a rehearing

on his claim, which was granted and another meeting called. Defendant refused to attend that meeting, even after he was sent for. No work was done on the school house after the first meeting.

James Cox testified, for the State, that some time before this trial he received a letter from W. M. Reeves, written from Alabama.

M. A. Vincent testified, for the State, that he was one of the trustees of the Brooklin school community in 1884. He never gave the defendant his consent to take the seven hundred and thirty feet of lumber described in the information. During the month of December, 1884, witness, who lived in the Brooklin school community, in Rains county, saw the defendant pass his house with a load of lumber. He drove one wagon loaded with lumber and a negro drove another.

Cain Cooper testified, for the State, that he and defendant worked together for a while on the Brooklin school building. The witness paid defendant the amount due him at the rate of a dollar and a half a day, except two dollars and a half. Witness heard W. M. Reeves swear in open court that he gave defendant authority to get the lumber. Reeves was brought to court from jail, where he was confined pending payment of a fine and costs assessed in a case against him, and he testified as stated. He then asked witness and Joseph Cox to get him out of jail, so that he could leave the county and avoid indictment for swearing as he did. Witness and Cox got him out of jail, and he left the county next morning, and witness did not know where he went to. Witness heard the defendant deny that he had a due bill.

E. R. Fluellen testified, for the State, that he was one of the committee selected at the first meeting of citizens spoken of by Hawkins and Abercrombie. Defendant was present and called off his account from a small pocket book. Witness wrote down the articles as he called them off. Defendant was then allowed half as much again as the committee thought him entitled to, which brought him in debt to the community between three and four dollars. Witness was at the defendant's house early in 1885, when defendant remarked that he was "even with those fellows. I went down to the mill and got that lumber. Now let them kick." He then pointed out the lumber to witness, at the widow Williams's house, in Rains county. By "those fellows" the defendant meant the committee who adjusted the claim. Witness was at the Boss mills when Fan Montgomery and the

defendant bought the lumber for the community in 1882 or 1883. It was intended to haul the lumber away at that time, but one Gill, who was employed to haul one load, refused the job, and seven hundred and thirty feet of the lumber were left at the mill.

J. F. Stivers testified, for the State, that he was the proprietor of the Boss mills, in Wood county, Texas. Fan Montgomery and defendant bought some lumber from witness for the Brooklin school community, and paid witness for it. Witness gave defendant his due bill for the lumber, and, as it was expected to haul all of it off at the time, witness credited the community in full and neglected to take up his due bill. Seven hundred and thirty feet of the lumber were left at the mill, and were placed to the credit of the community. This was in 1882 or 1883. On the tenth day of December, 1884, defendant, with two teams, came to witness's mill and demanded the seven hundred and thirty feet of lumber for the Brooklin school community. He asked witness if his, witness's, paper was good, and witness replied that it was. He then presented the due bill referred to, and upon that and the explanation of witness's yard clerk, Mr. Frazier, the lumber was delivered to him and he receipted for it. Though the paper was not, in reality, a due bill, it having been checked up on the books as explained, still the witness delivered the lumber to the defendant on it, as he would have delivered it to any one else on the same paper.

Mr. Frazier, the yard clerk at the Boss mills, testified for the State as did Mr. Stivers, except that he said nothing about the delivery of the seven hundred and thirty feet of lumber to the defendant on the old due bill.

The State next introduced in evidence the defendant's receipt for the lumber, which reads as follows: "Boss Mills, Wood county, Texas, December 10, 1884. Received of J. F. Stivers seven hundred and thirty feet of lumber, bought for the Brooklin school community by W. F. Montgomery and T. A. Williams in 1883.                              T. A. Williams."

The defense introduced no evidence, but in the motion for new trial raised the questions discussed in the opinion.

*E. W. Terhune*, for the appellant.

*J. H. Burts*, Assistant Attorney General, for the State.

WHITE, PRESIDING JUDGE. On a former appeal in this case (19 Texas Ct. App., 409), the prosecution was dismissed on account of the omission of an essential averment in the information. By striking out and eliminating as surplusage certain unnecessary statements and averments, we are of opinion the present information can be held good for the theft of seven hundred and thirty feet of lumber belonging to Vincent, Abercrombie and Reeves, as trustees, etc., which was taken from the possession of one Stivers, holding the same for the owners, by means of a false and fraudulent pretext, to wit, that defendant, by virtue of a certain due bill, was authorized to demand and receive the same.

Appellant's counsel is mistaken in asserting that the venue of the offense was not proven on the trial. Abercrombie, the second witness for the prosecution, says, "our lumber was at the Boss mills, in Wood county." The witness Vincent says, "I live in Brooklin school community, in Rains county. I saw defendant pass my place in Rains county about the middle of December, 1884, with some lumber; he was driving one team and I think a negro was driving another." And the witness Fleuellen says that in a conversation had with defendant, defendant said: "I went down to the mill and got that lumber; now let them kick." "He pointed out the lumber at the widow Williams's, in Rains county, Texas. I saw the lumber."

Several bills of exception were saved by defendant to the admission of evidence. They appear in the main to be unimportant and immaterial. After the evidence was through, defendant asked the following special instructions, which were refused, and exception thereto duly saved, viz:

"1. If you believe from the evidence that defendant took the lumber he is charged with stealing, openly and without any effort at concealment or intent to steal, he would not be guilty of theft.

"2. If the defendant took and held the lumber he is charged with stealing in order to secure him in the payment of an indebtedness due him from the Brooklin community, he would not be guilty of theft.

"3. If you believe that the trustees of the Brooklin school community placed defendant in possession of the lumber charged to have been stolen [or the money with which the lumber was purchased], and defendant subsequently converted the lumber

to his own use, he would not be guilty of theft, and you should acquit him."

The first two of these instructions were unquestionably the law, as was also the third instruction, after striking out the words we have embraced in brackets. These instructions were moreover, directly and pertinently applicable to the facts. No charge of any character, written or oral, appears to have been given by the court. For error in refusing to give the special instructions of defendant, the judgment is reversed and the cause remanded.

*Reversed and dismissed.*