## MART SCHULTZ v. THE STATE.

### No. 7499.    Decided June 24.

1. **Theft—Charge of the Court.**—Where the evidence requires it, as it did in this case, the court should explain to the jury the distinction between trespass and theft, and should instruct the jury that if the defendant took the property with the intent at the time of appropriating it temporarily, but not permanently, they should acquit him.

2. **Same—Voluntary Return of Property.**—When the evidence does not, as it did not in this case, present the issue of a voluntary return of the property, it is error for the court to submit and instruct upon such issue.

APPEAL from the District Court of Llano.    Tried below before Hon. W. M. Allison.

The opinion sufficiently states the case.

· No brief for appellant.

*R. H. Harrison*, Assistant Attorney-General, for the State.

WHITE, PRESIDING JUDGE.—In this case the evidence shows that the appellant took the horse alleged to have been stolen on the night of the 26th or 27th of March, 1891, at Bluffton, in Llano County; that he rode the horse twenty-one miles to the house of his brother in Burnet County, and that he turned him loose with the saddle and bridle on to find his way back home.    Defendant testified, that he only took the horse for the purpose of riding him to his brother's house, and that he did not intend to steal him.

With regard to such a state of case the jury should have been instructed as to the distinction between trespass and theft.    Bray v. The State, 41 Texas, 203; Harris v. The State, 2 Texas Ct. App., 102; McPhail v. The State, 10 Texas Ct. App., 128; Winn v. The State, 17 Texas Ct. App., 284.

Where the evidence requires it, the court should instruct the jury that if the defendant took the property with the intent at the time of appropriating it *temporarily*, but not *permanently*, they should acquit him.    Wilson v. The State, 18 Texas Ct. App., 270; Loza v. The State, 1 Texas Ct. App., 488; Blackburn v. The State, 44 Texas, 457; Banks v. The State, 7 Texas Ct. App., 591; Dunham v. The State, 3 Texas Ct. App., 465.

In the case in hand the learned trial judge instructed the jury with regard to a voluntary return of stolen property, and the defendant excepted to this charge as being unwarranted by the evidence and calculated to mislead the jury.    This exception was well taken.

The issue in this case was, Did the defendant take the horse fraudulently and with the intent to permanently appropriate him to his own use?

Because the charge of the court did not present the law applicable to the facts, the judgment is reversed and the cause is remanded.

*Reversed and remanded.*

Judges all present and concurring.