### GEORGE YOUNG, ALIAS BURKETT, V. THE STATE.

*No. 633.   Decided March 27.*

1. **Theft—Taking in Good Faith—Charge.**—On a trial for theft of a watch, where the charge instructed the jury, in effect, that the defendant would not be guilty if he in good faith took the watch, believing he had a right to do so, in order to secure the payment of a debt which the owner of the watch owed him, but added, "and that his intention in taking said property was to secure said debt, and not to deprive the owner of the value of said property and appropriate it to his own use;" and it was insisted that this latter clause or addition negatived all that had gone before, *Held*, that while the charge in question was not well drawn, yet, when the charge as a whole was considered, the jury could not well have been confused or misled by this portion of it.

2. **Same.**—In larceny, if the object of the taker was to compel, though in an irregular way, the owner of the goods to do what the law required him to do with them, namely, to pay his debt, there is no legal principle rendering the act a felony. Disapproving Butler v. The State, 3 Texas Criminal Appeals, 403, and approving Wolf v. The State, 14 Texas Criminal Appeals, 210.

3. **Recent Possession and Explanation—Charge.**—Where the property was taken in October, and the evidence showed that in the following December, when defendant traded it to a third party, he stated that he had won it at poker, *Held*, in connection with the evidence, the court did not err in charging with reference to an explanation of possession.

4. **Theft—Value—Charge as to Misdemeanor.**—On a trial for theft, where the only witness who testified as to value placed the value of the property at over $20, *Held*, the court was not required to charge on misdemeanor theft.

5. **Fact Case—Evidence Sufficient.**—See opinion for evidence summarized, upon which it is *Held*, that a judgment of conviction for theft of a watch is fully sustained, though the defense was that it was taken in good faith, and for the purpose of securing a debt.

APPEAL from the Criminal District Court of Dallas. Tried below before Hon. CHAS. F. CLINT.

This appeal is from a conviction for theft of a watch over the value of $20, wherein the punishment is assessed at a term of two years' imprisonment in the penitentiary.

The opinion states the case.

*Walter S. Lemon,* for appellant, filed an able and interesting brief.

*Mann Trice,* Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—This appeal is from a conviction for theft of a watch. Appellant was a witness in his own behalf, and testified that Ousley, the owner of the watch, was indebted to him in the sum of $8.50 for labor, and that he would not pay him; that he went to the house of said Ousley; that there was no person at home, except a woman washing in the back yard; that he entered the house, saw the watch, picked it up, and walked out into the yard, held the watch up, and hallooed to the negro woman, and told her that he had Ousley's watch, and that he had taken it because Ousley would not pay him. And he testified, that he believed he had a right to take it, to pay himself what Ousley owed him. Upon this phase of the case the court instructed the jury as follows: "If you believe from the evidence that the witness Ousley owed the defendant a debt, or that defendant believed that said Ousley owed him a debt, and, to secure the payment of said debt, he in good faith took the watch in question, believing that he had a right to take it to secure his said alleged debt, and that his intention in taking said property was to secure his said debt, and not to deprive the owner of the value of said property, and to appropriate it to his own use." Counsel for the appellant insists, that the effect of the latter portion of the above charge was to negative and destroy all that had gone before; that the taking of the watch was necessarily to deprive the owner of the value thereof, though it was taken in good faith to pay appellant's debt. We do not think the charge will bear that construction. The jury were clearly told, that if defendant took the watch to secure the payment of said debt, he had a right to so take it, but if, on the other hand, he took it simply to deprive the owner of the value thereof, without allowing the owner to reclaim the property by paying the debt, then he would be guilty. While the charge is not well drawn, yet we do not believe that the jury were confused or misled thereby. The court had already defined to the jury that theft consisted in the fraudulent taking without the consent of the owner, with intent to deprive him of the value thereof, and to appropriate the same to the use of the party taking; and they must have regarded the latter portion of the court's charge, above indicated, as on the character of definition presented in the charge defining theft, and not as a limitation of the taking by defendant under an honest belief that he had a right to take the watch for the purpose of securing his debt. This question did not arise in the case of Butler v. The

State, 3 Texas Criminal Appeals, 403, and what is there said by the court on this point must be regarded as dicta. But in Wolf v. The State, 14 Texas Criminal Appeals, 210, it was before the court, and the case is in accord with our view. Other cases might be cited where some right or interest was claimed in the property itself. An examination of the authorities in other States shows that such defense is maintainable. The State v. Hollyway, 41 Iowa, 200; Johnson v. The State, 73 Ala., 523; 1 Bish. Crim. Law, 7 ed., sec. 849. The last quoted author, after citing the authorities, says: "In larceny, if the object of the taker was to compel, though in an irregular way, the owner of the goods to do what the law required him to do with them, namely, pay his debt, there is no legal principle rendering the act a felony."

The appellant complains of the court's charge, contained in subdivisions numbers 7 and 8, on the subject of explanation, and insists that the charge is not applicable to any phase of this case. By referring to the statement of facts, it is shown that the watch was taken sometime in October, 1893; that defendant was found with the watch in December of the same year, and traded it to Mrs. Meagher, and explained to her at the time that he had won it in a game of poker, and we presume that it was with reference to this testimony that the court gave the charge objected to. And in this there was no error.

The only witness in the case who testified as to the value of the watch placed its value at over $20, and the court was not required to charge on misdemeanor.

The question whether or not the defendant, at the time of taking the watch, entertained the fraudulent intent to steal it, was properly submitted to the jury in the ninth paragraph of the court's charge. And this, in connection with the fifth paragraph of the court's charge, which instructed the jury with reference to his defense, which was that he took the watch believing that he had the right to take it to secure a debt which Ousley owed him, presented the issues in the case fairly to the jury.

The evidence in this case amply sustains the verdict. There was no question as to the taking of the watch by defendant. This fact is even admitted by him in his defense, and he sought to justify it on the ground that the owner, Ousley, owed him at the time $8.50 for work that he had done for him, and that he took the watch to secure this debt. The existence of the debt was denied by Ousley; but conceding that the latter did owe defendant, in view of the fact that the debt was small in comparison with the property taken, and that although defendant went to Ousley's house a short time after taking the watch, and did not then inform him of the fact and afford him an opportunity to redeem it, and the fact that he made no effort to produce the negro woman at the trial to whom (by his testimony) he told, at the time of taking the watch, the purpose for which he took it—all this, in connection with the proof that he traded the watch and chain, receiving therefor much more than his debt amounted to, and gave at

the time false statements as to how he acquired them, no doubt induced the jury to believe that the defense set up by appellant was a sham and a pretense.   Such was the effect of their verdict, and we see no occasion to disturb it.

The judgment is affirmed.

*Affirmed.*

Judges all present and concurring.