### J. J. YOUNG v. THE STATE.

*No. 1022.    Decided June 10th, 1896.*

**Theft—What Constitutes—Intent—Special Instructions.**

On a trial for theft of a plow stock of the value of $2, where it appeared that the owners of the plow stock were indebted to defendant in the sum of $21, and that defendant took the plow stock intending to account for the same on settlement. Held: This did not constitute theft, and the court erred in refusing special requested instructions of defendant, submitting the question of intent, under these facts.

APPEAL from the County Court of Hamilton. Tried below before Hon. J. C. MAIN, County Judge.

Appeal from a conviction for the theft of a plow stock, valued at $2; penalty, a fine of $100 and twenty days' imprisonment in the county jail.

The opinion states the case.

[No brief for appellant.]

*Mann Trice,* Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—Appellant was convicted of the theft of a plow stock and his punishment assessed at a fine of $100, and by confinement in the county jail for twenty days; and he prosecutes this appeal. Several special instructions were asked by the appellant, presenting his theory of the case, which were refused by the court, and exceptions duly reserved by the appellant. These charges, in substance, presented for the consideration of the jury the question as to whether appellant, at the time he converted said plow stock to his own use, did so with the fraudulent intent to deprive the owners of its value. The facts bearing upon this point are substantially as follows: It is a conceded fact that appellant took the plow stock, without the knowledge or

consent of the alleged owners; that he took it home with him, and never returned it; and that he used and kept it. The testimony is also uncontradicted that the appellant had been hauling goods for the owners of the plow stock from the nearest railroad station, and that this character of business had been carried on between them for a long while, and that at the time the plow stock was taken the alleged owners were indebted to the appellant in the sum of $21. Appellant testified that, at the time he took the plow stock, it being at night, and the owners absent, and he having urgent necessity for the plow stock the following morning, he took the same with the intention of allowing it as a credit on the $21 which was due him by the alleged owners. He further testified that, on account of this hauling and dealing with the alleged owners of the plow stock, it did not occur to him that there would be any trouble about it, and that he would be guilty of stealing the plow stock, and that he had no intention whatever of committing the theft, or fraudulently appropriating the same, and that his intention was to pay for it. And when he had the settlement with the alleged owners, he offered to pay them for the plow stock, and placed the value of the alleged plow stock at $2 as a credit on the $21 due him by said owners. In this connection the alleged owners testified that on two occasions between the time of the taking of the plow stock and the arrest of the defendant, appellant was in their place of business. and did not mention the circumstance of the taking of said plow stock, and that on one of these occasions they refused to sell him on credit a sulky cultivator. Whatever the jury may have thought of this testimony, as to whether he did or did not have the fraudulent intent at the time of taking the plow stock, was not a question for the court to decide. ·It was a question of fact, and should have been submitted to the jury under appropriate instructions. If he took the property, as he claimed, with no fraudulent intent, under the circumstances detailed by him, and with the intent to pay the owners for the same, in the settlement between the alleged owners and himself of the amount due him, and the jury believed this, he would be entitled to an acquittal. The special instructions asked by the appellant submitting the question of intent, under the facts detailed for the defense, should have been given by the court. Appellant proposed to prove by the witness, Stevens, that, on the evening preceding the taking of the plow stock at night, he was at work on the appellant's farm, having rented his land on the shares, and was in need of a plow stock, and the defendant told the witness on that day, and before he left home for town, that he would go to town, and get some plow handles, and fit them on the old plow stock for the witness, and, if he could not get the handles, that he would get a new plow stock. The court excluded this testimony on the ground that it was fabricated. What one says when he goes on a journey—his purpose and object—is generally held admissible. This testimony, we believe, should have been admitted. But we do not hold that it is of such material character as, standing alone, would afford the ground for a reversal of

thc judgment. For the error of the court, however, in refusing the charges asked on the testimony offered by the appellant tending to show that he took the plow stock, intending to pay for it in his settlement with the alleged owners, who owed him money, the judgment of the lower court is reversed, and the cause remanded.

*Reversed and Remanded.*