### FRANK ELSWORTH v. THE STATE.

### No. 3843. Decided May 27, 1908.

**1.—Murder—Continuance—Impeaching Testimony.**

Upon trial for murder there was no error in overruling an application for continuance which set out impeaching testimony, and the other absent witness was beyond the jurisdiction of the court and his testimony not material.

**2.—Same—Evidence—Declarations of Defendant.**

Upon trial for murder there was no error in admitting testimony with reference to a statement by defendant's companion in defendant's presence that they had witnessed the killing of a person at the place where the homicide occurred, under similar circumstances attending the homicide under investigation, etc., and that they had spent all their money having a good time, etc., whereupon the State asked the witness giving this testimony the question whether he had heard at that time of the homicide, which witness answered in the negative.

**3.—Same—Evidence—Acts of Defendant.**

Upon trial for murder there was no error in admitting the testimony of the State's witness to the effect that the defendant and his companion acted strangely, when seen shortly after the homicide. He was not under arrest.

**4.—Same—Charge of Court—Robbery—Murder in First Degree.**

Where upon trial for murder the evidence clearly indicated that the killing was done by the defendant in the perpetration of robbery, the court properly charged on this phase of the case and refused a charge on murder in the second degree.

Appeal from the District Court of Donley. Tried below before the Hon. J. N. Browning.

Appeal from a conviction of murder in the first degree; penalty, imprisonment for life in the penitentiary.

The opinion states the case.

*L. C. Barrett* and *G. W. Wharton,* for appellant.—On question of continuance: Elsworth v. State, 52 Texas Crim. Rep., 1; 104 S. W. Rep., 903. On question of admitting evidence with reference to defendant's acts and appearance: Campbell v. State, 10 Texas Crim. App., 560; Irvine v. State, 26 Texas Crim. App., 37; 9 S. W. Rep., 55; Kirby v. State, 23 Texas Crim. App., 13; 5 S. W. Rep., 165; Gardner v. State, 34 S. W. Rep., 945; People v. Willet, 92 N. Y., 29. On question of charge of court on murder committed in perpetration of robbery: Gay v. State, 40 Texas Crim. Rep., 242; 49 S. W. Rep., 612; Lancaster v. State, 31 S. W. Rep., 515; Benedides v. State, 14 Texas Crim. App., 378; Bennett v. State, 39 Texas Crim. Rep., 639; 48 S. W. Rep., 61; Blocker v. State, 27 Texas Crim. App., 16; 10 S. W. Rep., 439.

*F. J. McCord,* Assistant Attorney- General, and *D. E. Simmons,* for the State.—On question of evidence and appearance of defendant: Meyers v. State, 37 Texas Crim. Rep., 208; Powers v. State, 23 Texas Crim. App., 42; Miller v. State, 18 Texas Crim. App., 232. On question of charge of murder in the second degree: Benevides v. State, 14 Texas Crim. App., 378.

BROOKS, JUDGE.—Appellant was indicted for murder in Potter County and upon trial was convicted for murder in the first degree with life imprisonment assessed as his punishment. The case was appealed to this court and reversed. See Elsworth v. State, 52 Texas Crim. Rep., 1; 104 S. W. Rep., 903. The venue of the case was changed to Donley County. There appellant was again tried and the same punishment assessed against him.

The first error complained of is to the action of the court in overruling the motion for continuance. The testimony of Mrs. Morris was sought to impeach the testimony of Mrs. M. L. Morris, who identified appellant as the party who was with the deceased at her hotel the night before the homicide. Application for continuance will not be granted for impeaching testimony. As to the witness Scroggins, his testimony was introduced during the trial of the case, apparently by agreement as shown in the statement of facts.

Appellant further complains of the action of the court in permitting the following testimony to be introduced: Sam West testified for the State that the defendant and one Burk came to W. E. Tandy's camp, where witness was working, after the homicide; while at the ranch the defendant told witness that he had been to Amarillo, and Burk said he

and Elsworth worked right across the street from each other, and Burk said one night while he was talking that they had seen a poor fellow killed at Amarillo the other night; that he said they saw him taken and thrown into a wagon and taken out on the railroad and that they saw them take all his clothes off; that they both said a time or two that they spent all their money there in Amarillo having a good time. The State asked the witness the following question: "Had you heard at that time about a boy being found by the citizens there?" Appellant's counsel objected to the question as hearsay, immaterial and irrelevant. The court overruled the objection, and the witness said he had not. Further along the witness testified that the defendant and Burk said they were broke; that one had 10 cents and he sent to Ochiltree for some tobacco and that he never asked them any questions when they told about seeing the boy knocked in the head. The testimony was clearly admissible.

Appellant further complains that the witness, Charles Gechter, was permitted to testify that defendant and his companion, Burk, acted strange when he walked up to where they were; that "they acted kinder funny." This testimony was also admissible. See Powers v. State, 23 Texas Crim. App., 42; Miller v. State, 18 Texas Crim. App., 232. On the trial of the case the State introduced G. T. Cuban, Chief of Police of Wichita, Kansas, who testified. "I met defendant on the 8th of November, 1906. The first time I saw him was when he jumped off the train. I arrested him. I arrested him at the express office. When he got off the train I seen him jump off and recognized him by a picture I had. I heard him call for the valises. I had told the express man to ask them their names and as soon as they told their names—when he asked their names they hesitated." Appellant's counsel objected to this testimony on the ground that the defendant was practically under arrest. The objection was overruled, and the witness stated: "He hesitated and the expressman asked him what his name was. He said his name was Elsworth and I arrested him and told the officer to take charge of him." Appellant was not under arrest under the authorities of this court. Gay v. State, 40 Texas Crim. Rep., 242; 49 S. W. Rep., 612. There is nothing here to show that appellant recognized it as a fact that he was under arrest, but as a matter of fact the statement shows that he was not at the time he made the statement. It is not the intention of the sheriff that controls the admission of testimony, but it is the fact that appellant is laboring under mental constraint and feels that he is under arrest that excludes the testimony.

Appellant further contends that the court erred in charging the jury on the question of murder committed in the attempted perpetration of robbery on the ground that there was no testimony authorizing this charge. The evidence shows that deceased, a day or two before the murder, was seen in the town of Hereford in company with appellant; that he (deceased) had in his possession a roll of money that he had drawn out of the bank that day; that deceased was seen paying bills for

appellant and made quite a show of his money. Deceased had his suit case and he and appellant came to the town of Amarillo the night before the homicide, put up at a hotel, deceased paid 75 cents for a bed for himself, appellant and a third party for the remainder of the night with instructions to the landlady to wake them up at 4:30. This she did and the parties departed. The next day deceased was found stripped of all his clothing with several deadly gashes upon his head and in an unconscious condition lying by the railroad track in the town of Amarillo. The injuries appeared to have been made with a hatchet or some sharp instrument. Deceased was picked up, carried to a sanitarium, never recovered consciousness and died some forty-eight hours thereafter. A coat, pants, drawers, socks, shoes and hat were found in a tank car, and when the water was drawn off and the clothing placed on deceased's body they fit him; no money was found in his pockets; deceased's grip was found in possession of defendant and thoroughly identified by a rivet which deceased had fastened a handle of the grip with, sometime prior to the murder. The evidence shows that deceased had $75 or $100 at the time of the homicide. Appellant stated when arrested that if released he could show them the party that killed deceased, and various other circumstances too numerous to mention clearly indicate that the killing was done by appellant, and that the sole and exclusive purpose therefor was to obtain deceased's money. This being true it follows that the court properly charged on murder committed in the attempted perpetration of robbery and there being nothing to suggest murder in the second degree, it certainly was not improper for the court not to so charge. Benevides v. State, 14 Texas Crim. App., 378.

The evidence in this case clearly establishes murder of the first degree, as suggested, in the perpetration of robbery, and the court charged all the law applicable to the facts. We find no error in the record and the judgment is in all things affirmed.

*Affirmed.*

### ON REHEARING.

### June 13, 1908.

BROOKS, JUDGE.—This case was affirmed on a former day of this term, and now comes before us on a motion for rehearing.

Appellant insists the court was in error in holding that the witness Scoggins' testimony was introduced on the trial of this case, and that, therefore, there was no legal basis for holding that the court did not err in refusing the continuance. Appellant in his motion for a new trial says that the witness Scoggins testified in the first trial in regard to seeing appellant with a suit case, and at second trial the testimony was introduced by agreement, but Scoggins' testimony in regard to the ink being spilled, was not introduced at the second trial, and that was what appellant's continuance was for; that is, to get Scoggins to testify in regard to the ink being spilled, and getting appellant's suit case. Con-

ceding the inaccuracy suggested by appellant's counsel, still the evidence becomes entirely immaterial in this case for another reason: The suit case of the deceased, which was introduced in evidence and which case had been found in appellant's possession, was thoroughly identified by a rivet that deceased had placed in the suit case a short while before the homicide, and the testimony, therefore, of the witness Scoggins became immaterial in the light of this record. Furthermore, the counter affidavits filed by the State resisting the motion for continuance show that the witness Scoggins was in New Mexico, and no sort of diligence was exercised by appellant to obtain his testimony. We again hold that the evidence clearly shows murder in the perpetration of robbery, and still believe the case should be affirmed.

The motion for rehearing is accordingly overruled.

*Overruled.*