There is no error in the record, and the judgment is affirmed.

---

PYLES v. STATE.

(Court of Criminal Appeals of Texas. April 5, 1911.)

1. LARCENY (§ 71*)—PROSECUTION — INSTRUCTIONS—APPLICABILITY TO EVIDENCE.

Where, in a prosecution for stealing oats, accused and his wife testified that, when he took the oats from a field by which he was driving, he stated his intention to give his father-in-law, who accompanied him in another buggy, money to pay the owner for the oats, accused driving a scary team which he could not leave, it was error to refuse a requested charge that, if accused took the oats without fraudulent intent, with a view to paying for them, the jury should acquit.

[Ed. Note.—For other cases, see Larceny, Cent. Dig. §§ 191–194; Dec. Dig. § 71.*]

2. LARCENY (§ 3*) — THEFT — ELEMENTS — FRAUDULENT INTENT.

To make it theft, a fraudulent intent to steal must exist at the time of the taking.

[Ed. Note.—For other cases, see Larceny, Cent. Dig. §§ 3–10; Dec. Dig. § 3.*]

Appeal from Bosque County Court; P. S. Hale, Judge.

Tom Pyles was convicted of theft, and he appeals. Reversed and remanded.

J. P. Word and Cureton & Cureton, for appellant. C. E. Lane, Asst. Atty. Gen., for the State.

DAVIDSON, P. J. This conviction was for theft of property under $50 value. The property alleged to have been stolen was several bundles of oats. The state's case shows by the alleged owner, Orbeck, that while standing at his house he observed the defendant, who was driving along the public road, get out of his buggy, and go into his (Orbeck's) field, and take several bundles of oats, and place them in his buggy; that he (Orbeck) immediately got his gun, and went down to the public road, and intercepted appellant, and made him throw the oats out into the road. There is no question of the fact that appellant took the oats, and had no authority to do so.

Appellant testified, as did his wife, who was with him, that at the time he took the oats he stated he intended to take and pay for them, and that he would give the money to his father-in-law, who was in another buggy accompanying him, to pay for the oats. The reason for this was that he was driving a young, foolish team, and his father-in-law was driving a gentle horse, and that, when Orbeck intercepted him, he so stated to Orbeck. Orbeck denied this part of the conversation between them. Appellant testified that he did not intend to steal the oats, but needed them to feed his horses, and took them for that purpose and with the intention of paying for them. Orbeck lived something like a quarter of a mile from where the oats were taken, and in the direction in which appellant was traveling. Appellant proved a good character or reputation, and it is shown that this is the first accusation ever brought against him.

[1] The court instructed the jury that if appellant fraudulently took the oats, for the purpose of appropriating to his own use and benefit, the jury should convict him. Appellant requested three special instructions, the substance of which was that if appellant, when he took the oats, had no fraudulent intent, but took them with a view of paying for the same, and the jury so believed, he was entitled to an acquittal. These charges were refused. The case is submitted to this court on the theory that these charges should have been given. We are of opinion that his contention is correct. It is not all taking of property that is theft.

[2] The fraudulent intent must exist at the time of taking, and if this did not exist at that time, the taker would not be guilty of theft. Appellant, we think, had the legal

---

right to have this phase of the testimony submitted to the jury under the instructions requested. Young v. State, 37 Tex. Cr. R. 457, 36 S. W. 272; Ainsworth v. State, 11 Tex. App. 342; McLaughlin v. State, 10 Tex. App. 340; Guest v. State, 24 Tex. App. 241, 5 S. W. 840; Schultz v. State, 30 Tex. App. 94, 16 S. W. 756; Dunham v. State, 3 Tex. App. 468; Smith v. State, 7 Tex. App. 383.

For the error indicated, the judgment is reversed, and the cause is remanded.