### L. B. Gray v. The State.

#### No. 6684. Decided February 15, 1922.

#### Rehearing Granted April 12, 1922.

**1.—Misdemeanor Theft—Recognizance—Jurisdiction—Words and Phrases.**

Where, upon appeal from a misdemeanor theft, the recognizance was incomplete in that it omitted the words "in this case," it gives this court no jurisdiction of the appeal; however, the defect in the record having been cured, the order dismissing this cause is set aside and the case here is heard upon its merits.

**2.—Same—Charge of Court—Claim of Right—Separate Property—Husband and Wife—Intent.**

Where, upon trial of theft, defendant was charged that he stole a ten dollar bill from a certain boy who lived with his mother and father, and the evidence showed that afterwards the mother claimed the money, which the boy carried to defendant's store, who had given defendant's father credit therefor, the court should have submitted the requested charge that

if the father of the boy was indebted to the defendant and the money was the property of the mother and that it was taken and afterwards applied on account they should acquit, as there was no claim that the money was the separate property of the wife; and besides, there was an absence of intent to steal. Following Young v. State, 37 Texas Crim. Rep., 467, and other cases.

Appeal from the County Court of Wichita. Tried below before the Honorable Guy Rogers.

Appeal from a conviction of misdemeanor theft; penalty, a fine of $1; and one-half hour in the county jail.

*Davenport & Thornton,* for appellant.
The opinion states the case.

*R. G. Storey,* Assistant Attorney General, for the State.

MORROW, PRESIDING JUDGE.—The conviction is for misdemeanor theft. The recognizance concludes with these words: ". . . to abide the judgment of the Court of Criminal Appeals of the State of Texas.

It is incomplete in that it omits the words: "in this case."

The purpose of the recognizance is that the judgment of the Court of Criminal Appeals will be performed in the particular case in which the recognizance is made. In a number of instances, it has been necessary to dismiss the appeal because of the same omission as that apparent in the present instance. Bodkins v. State, 75 Texas Crim. Rep., 499; 172 S. W. Rep., 217; Branch's Ann. Texas Penal Code, p. 315, sec. 620.

The motion made by the State to dismiss the appeal must be sustained.

*Dismissed.*

ON REHEARING.

April 12, 1922.

MORROW, PRESIDING JUDGE.—Conviction is for theft, a misdemeanor. It is charged that appellant stole a ten-dollar bill from Joe Gerdes, a youth about sixteen years of age. The boy lived with his mother and father. He took a ten-dollar bill to the store of the appellant and sought to have it changed. Appellant kept the money and said he would credit it upon the account which was due him for groceries furnished to the family and which was charged to the father of Joe Gerdes. When the boy presented the bill for change, it appears from the testimony of both the appellant and the State that in reply to an inquiry by appellant as to whether the money belonged to him or to his mother, the boy stated that it belonged to his mother. Afterwards, in the same conversation, according to the boy's testi-

mony, he said it was his money. The boy testified upon the stand, as did his mother, that the money belonged to him. Both appellant and his wife testified that this claim was not made until the time of the examining trial. Soon after appellant had retained the money, Mrs. Gerdes came and claimed it, saying that she needed the money as the family was without food; and she was told by appellant that he would furnish her the groceries that she needed and charge them to her account.

The court instructed the jury that if the appellant took the money upon a bona fide claim of right, they should acquit him.

A request was made to instruct the jury that if the father of Joe Gerdes was indebted to the appellant and the money was the property of Mrs. Gerdes and that it was taken and afterwards applied to the account, they should acquit. We think this charge ought to have been given. There was no claim that the money was the separate property of Mrs. Gerdes, and if the facts were as outlined in the special charge, there was an absence of an intent to steal. The point has been decided by this court on several occasions. Young v. State, 37 Texas Crim. Rep., 457; Williams v. State, 22 Texas Crim. Rep., 338; Young v. State, 34 Texas Crim. Rep., 291; Branch's Ann. Tex. Penal Code, Sec. 2470. See also Barton v. State, 89 Texas Crim. Rep., 387.

The refusal of the requested charge requires a reversal of the judgment. The defects in the record having been cured, the order dismissing this cause is set aside, and the judgment is reversed and the cause remanded.

*Reversed and remanded.*