FRANK CARROLL V. THE STATE.

No. 12854. Delivered December 11, 1929.
Rehearing granted January 22, 1930.
Rehearing denied State March 5, 1930.
Reported in 25 S. W. (2d) 345.

310

The opinion states the case.

*G. O. Crisp* of Kaufman and *G. L. Perkinson* of Dallas, for appellant.

*M. Ashworth,* Co. Atty., and *Taylor Carlisle,* Asst. Co. Atty., both of Kaufman, and *A. A. Dawson* of Canton, State's Attorney, for the State.

HAWKINS, JUDGE.—Conviction is for theft of an automobile, punishment being two years in the penitentiary.

About seven o'clock on the evening of August 10th, 1928, Elton Whiteside parked a Dodge coupe in front of Bass' Drug Store in the City of Terrell; he went inside where he remained probably five minutes; when he came out the car was gone. He knew appellant by sight but not by name; he saw appellant standing near as witness left his car. The witness Dixon knew appellant and also knew the Whiteside car. He testified that about the same time of the evening fixed by Whiteside and near the place where the car had been left, witness saw appellant driving the Whiteside car; he drove it into the fender of the car witness was in, which attracted witness' attention to the car and driver. The car was found by officers about twelve o'clock the same night two blocks from where it had been taken. Its condition indicated that it had been driven without oil; it was considerably damaged. Upon the trial appellant denied having taken the car, and testified that he was at another place when the car was stolen. Other witnesses gave testimony to the same effect. The issue of fact thus made was settled by the jury in favor of the state.

Upon cross-examination appellant admitted that besides the accusation for which he was then being tried he had also been indicted in the same court for burglary and theft. Bill of exception number one presents the following occurrence. The prosecuting attorney asked appellant "if he remembered the time when he was accused of the theft of Tom Cooley's car from Kaufman, and if he had not told one Henry that at the time he was looking for appellant regarding the theft of that car that he (appellant) was under the platform with a gun, watching for them." There is nothing in the bill which advises us whether the other indictment for theft against appellant involved the Cooley car. Whether it did or not the objection to the question should have been sustained; it related to the details of an offense and would be inadmissible even though it may have culminated in an indictment. (Sec. 171 Branch's Ann. Tex. P. C.) If it referred to an accusation not merged into legal proceedings it was also inadmissible. (Sec. 168 Branch's Ann. Tex. P. C.) The court overruled the objection to the question and the defendant answered in the negative. The state seems to have abandoned the matter at that point and made no effort to prove by Henry that any such thing occurred. While the bill presents an erroneous ruling on the part of the court, yet in view of the negative answer of appellant, in connection with his admission that he had been indicted in other cases for burglary and theft, we can not regard the incident as of sufficient importance to demand a reversal in view of the further fact that the minimum penalty was assessed.

The court defined theft in the usual terms as being the "fraudulent taking of corporeal personal property belonging to another from his possession without his consent with the intent to deprive the owner of the value of it, and to appropriate it to the use and benefit of the person taking."

In connection with this definition he further instructed the jury as follows:

"To constitute 'taking' it is not necessary that the property be removed any distance from the place of taking, it is sufficient that it has been in the possession of the thief, though it may not be removed out of the presence of the person deprived of it; nor is it necessary that any definite length of time shall elapse between the taking and the discovery thereof; if but a moment elapses the offense is complete."

Proper written objection was interposed to that part of the charge last quoted as being upon the weight of the evidence. The fact that

the car was found some five hours after the theft at a point not far removed from the place of taking may have induced the court to advise the jury more fully as to the meaning of a "taking" than would ordinarily have been required. If the defense interposed had been a lack of fraudulent intent at the time of "taking," giving the charge complained of would have raised a serious question. The defense, however, was a denial of any taking whatever and an effort to establish an alibi. In our opinion this renders the charge harmless under the facts of the present case.

The judgment is affirmed.

*Affirmed.*

ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—Daves' car was in the custody of Whiteside. On the evening of the 10th of August the car was parked on one of the streets of Terrell near the Bass Drug Company. It was missed by Whiteside about seven o'clock in the afternoon, which was a short time after it had been parked there. About twelve o'clock at night of the 10th of August the car was found by one of the officers about two blocks from the place from which it had been taken.

Daves, the owner, testified that the use of the car rendered some adjustment necessary; that the piston rings and two of the bearings were burned so as to require the replacement of the bearings; that a shortage of oil was indicated by their condition. No examination of the speedometer was made to ascertain the distance that the car had been driven.

On reflection the conclusion has been reached that the circumstances of the transaction presented an issue as to the intent with which the car was taken. From its condition at the time it was found the inference might be drawn that it had been driven a long way. Upon that hypothesis, a part of the driving had taken place in returning it to the locality from which it had been taken. It is true that appellant disclaimed the taking or the possession of the car in any particular. If the taker, whoever he may have been, took the car with no intent to appropriate it to his own use but for the purpose of driving it and returning it to the owner, the offense of theft of the car was not committed. In the books are many cases supporting the view stated. Among them is the case of Smith v. State, 66 Tex. Cr. R. 246, in which case an automobile belonging to the owner was taken from his garage. After it had been driven

for some time the car was left in an alley near the owner's house. The court stated that the facts did not show theft, though it was obvious that the parties taking the car were guilty of some offense. This conclusion is in harmony with many cases that are cited in the Smith case, supra. A number of cases are cited in Michie's Digest of Texas Criminal Cases, Vol. 5, page 22, including Lucas v. State, 33 Tex. Cr. Rep. 290, 26 S. W. 213; Schultz v. State, 30 Tex. Cr. App. 94, 16 S. W. 756; Taylor v. State, 50 Tex. Cr. R. 379; Jones v. State, 54 Tex. Cr. R. 38; Harris v. State, 2 Tex. Cr. App. 102; Pylee v. State, 62 Tex. Cr. R. 49; Clowers v. State, 88 Tex. Cr. R. 562.

By exceptions the sufficiency of the charge was challenged upon the ground that it failed to submit the issue of the intent of the taker of the car, suggesting that the jury should be told that if the car was not taken with the intent to permanently dispossess the owner, he would not be guilty of the offense charged. The omission from the charge pointed out by exception becomes more significant than usual in view of the court's definition of "taking." This escaped us on original consideration of the case. On the record it is believed that it was the right of the accused to have the charge of the court modified so that it would embrace in appropriate terms the distinction between the taking with intent to appropriate, and the taking with the intent to use and return.

The motion for rehearing is granted, the affirmance set aside and the judgment is now reversed and the cause remanded.

*Granted, and case reversed and remanded.*

ON STATE'S MOTION FOR REHEARING.

LATTIMORE, JUDGE.—It is contended on behalf of the State that the facts in this case, when fairly considered, negative the proposition that the court should have submitted to the jury the issue as to whether the taking of the automobile in question by the accused was for a mere temporary use on his part. We have again reviewed the testimony. There is no doubt but that the question was properly raised. The charge was excepted to in two places, one for its failure to tell the jury that they must believe beyond a reasonable doubt that even though the appellant took the car in his possession, still they must believe from the evidence that he took it intending to appropriate it. In another place the charge was excepted to for its failure to tell the jury that if they believed, or had a reasonable doubt thereof, that the accused took the car in question merely for the purpose of having a joy-ride in it, they should acquit him.

The car was driven to the place to which it was taken at some time estimated at between seven and eight o'clock. It was found about twelve o'clock within two or three blocks of the spot from which it was taken. The State's inference of a taking by appellant, was deduced from the circumstances of his being seen in the immediate vicinity just before the car was taken, and of his being seen in the car so near the place from which it disappeared as to make evident the fact that this was almost at once after the car was taken. State witness Duncan, the night-watchman in Terrell, testified that between seven and eight o'clock he saw appellant going toward the spot from which the car was taken. He also said that a carnival was then in progress in Terrell, and that it opened its doors at seven-fifteen P. M. and that after seeing appellant at the place mentioned, he later saw him at the carnival. This latter testimony is in keeping with that of all of the defense witnesses who testified that they saw appellant at said carnival several times during that night and before twelve o'clock. Manifestly if the car was taken by appellant and in a short time thereafter was left by him at the place where it was later found, this would raise the issue as to whether he took it with the intent to permanently appropriate it, or merely for some purpose of temporary use. We think the disposition of the case upon the appellant's motion for rehearing correct.

The State's motion for rehearing will be overruled.

*Overruled.*