## S. H. Fogel v. The State.

No. 15229.   Delivered May 25, 1932.
Reported in 50 S. W. (2d) 333.

The opinion states the case.

*Baskett & DeLee,* of Dallas, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CALHOUN, JUDGE.—Misdemeanor theft is the offense; the punishment assessed at a fine of $25 and confinement in jail for a period of thirty days.

The appellant, S. H. Fogel, was charged by information in the county criminal court of Dallas county with the offense of theft of $7. The money was alleged to have belonged to one Johnny McNairy. Upon the trial of the case, it was developed by the testimony of the said McNairy that prior to October 20, 1931, he had borrowed $10 from the defendant, and had given his note therefor for $14, payable at $1.50 per week; that to the best of his knowledge he had made about three payments of $1.50 each; that on the day of the alleged theft, he went to the place of business of the appellant; that he was one week behind in his payments but that he expected to pay two payments, amounting to $3; that when he got to appellant's place of business he gave the appellant a $10 bill which he had borrowed from a Mr. Walker, and told the appellant that he wanted to make two payments amounting to $3; that the appellant then tried to get him to make a new loan, and he told the appellant that he would have to have the $7 back in order to return it to Mr. Walker; that the appellant refused to give the witness the $7 and told him that he was going to apply it on the balance he owed him, and told him to get out.

The testimony of appellant and his witnesses was to the effect that the said Johnny McNairy had borrowed from him, or the concern for whom he was working, $10 on the 10th day of August, 1931, and he took his note for $15, payable in ten weekly installments at $1.50 each, provided that on default of any payment of the note the holder of the note

could declare it all due; that the complaining witnesses was behind on several payments, and at the time he gave him the $10 bill the complaining witness owed the institution for which the appellant was working $9, and he applied $9 on the payment of the note and gave the said McNairy $1, but refused to return $7 to him.

Appellant in his brief raises the proposition that the evidence was insufficient to support the verdict or to show the commission of the crime of theft, and takes the position that he might be liable in trespass under the facts in this case, but is not guilty of theft, and cites several cases in support of his contention. . In the case of Wolf v. State, 14 Texas App., 210, the record showed that the appellant was charged with the theft of sixteen bushels of corn of the value of $12. The case was tried by the court without the intervention of the jury, and from the evidence the court found the defendant guilty, concluding that defendant took the corn in question to pay himself for what he considered the prosecuting witness owed him, without his consent and in his absence. The court in said opinion, in reversing and remanding the case, stated: "If this finding of the court is correct—and we concur in its correctness as shown by the facts before us—then the defendant, however liable he might be in trespass, is not guilty of theft. A fraudulent intent is the essential ingredient of theft, and this intent must exist at the time of the taking. The taking must be an actual and intended fraud upon the rights of another; the taking must include the purpose and intent to defraud; it must be an intentional taking without the consent of the owner, an intentional fraud, and an intentional appropriation.'"

In the case of Gray v. State, 91 Texas Crim. Rep., 484, 239 S. W., 953, it was charged that appellant stole a $10 bill from Joe Gerdes, a youth about sixteen years of age. The boy lived with his mother and father. He took a $10 bill to the store of the appellant and sought to have it changed. Appellant kept the money and said he would credit it on the account which was due him for groceries furnished to the family and which was charged to the father of Joe Gerdes. When the boy presented the bill for change, it appears from the testimony of both the appellant and the state, that in reply to an inquiry by appellant as to whether the money belonged to him or to his mother, the boy stated that it belonged to his mother. Afterwards, in the same conversation, according to the boy's testimony, he said it was his money. The boy testified upon the stand, as did his mother, that the money belonged to him. Both appellant and his wife testified that this claim was not made until the time of the examining trial. Soon after appellant had retained the money, Mrs. Gerdes came and claimed it, saying that she needed the money as the family was without food; that she was told by appellant that he would furnish her the groceries that she needed and charge them to her account.

The court instructed the jury that, if the appellant took the money upon a bona fide claim of right, they should acquit him. A request was made to instruct the jury that, if the father of Joe Gerdes was indebted to the appellant and the money was the property of Mrs. Gerdes and was taken and afterwards applied to the account, they should acquit. Presiding Judge Morrow, in passing upon the case on motion for rehearing, said: "We think this charge ought to have been given. There was no claim that the money was the separate property of Mrs. Gerdes, and, if the facts were as outlined in the special charge, there was an absence of an intent to steal. · The point has been decided by this court on several occasions. Young v. State, 37 Texas Crim. Rep., 457, 36 S. W., 272; Williams v. State, 22 Texas App., 338, 3 S. W., 226; Young v. State, 34 Texas Crim. Rep., 291, 30 S. W., 238; Branch's Ann. Tex. Penal Code, sec. 2470. See, also, Barton v. State, 89 Texas Crim. Rep., 387, 230 S. W., 989."

The circumstances attending the taking as developed in the statement of facts, under the authorities cited, indicate to our minds a want of those criminal elements which constitute theft.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.