### BUD HODGE v. THE STATE.

#### No. 2126. Decided November 15, 1899.

**1. Theft of Cattle—Purchase—Charge.**

On a trial for theft of cattle, a charge of court to the effect that if when defendant purchased the animal he knew it was not the property of the party from whom he bought it, he could not avail nor justify on the defense of purchase, is erroneous. In such case, defendant could only be legally charged and convicted as a receiver of the stolen property, unless it had been shown by the evidence that he was connected with the original taking as a principal.

**2. Same—Circumstantial Evidence.**

On a trial for theft, where the State's case is based alone upon the possession of property belonging to another, the case is one of circumstantial evidence only; and in such case the court is required to charge upon circumstantial evidence, and it is error to fail or refuse to give such a charge.

**3. Same—Evidence—Declarations of Defendant.**

On a trial for theft of one head of cattle, where it appeared the owner had brought a sequestration suit against defendant for the animal, and that the service of the writ was the first notice defendant had had that his right of possession was contested; Held, his statements and declarations to the officer as to his possession, at the time he served him with the writ, were admissible as evidence in his behalf.

APPEAL from the District Court of Hopkins. Tried below before Hon. HOWARD TEMPLETON.

Appeal from a conviction of cattle-theft; penalty, two years imprisonment in the penitentiary.

The indictment charged appellant with the theft of one head of cattle from the possession of its owner, R. Lindley, on or about the 1st of February, 1898.

In brief, the main facts adduced in evidence may be stated as follows: R. Lindley lost three three-year-old head of cattle; two heifers and one steer in December, 1897. Some little time thereafter, hearing that they were in the pasture of the defendant, he went before a justice of the peace, and without having seen or notified defendant of his proceedings, sued out a writ of sequestration for the cattle, placed the writ in the hands of an officer, and went with the officer; and, without seeing defendant, or anyone in possession of the pasture, he levied the writ upon

the animals and the officer took possession of the same. The officer could not drive the animals off that evening, but went back the next morning to get them, and met the defendant; and after talking with him, they went over to the justice of the peace to get a replevy bond to be executed by defendant. The justice of the peace advised the defendant not to replevy or contest the suit. Defendant said that he had bought the two heifers from a man by the name of Tims, and had paid him for them, but that he did not claim the steer. After advising with the justice, defendant declined to make the replevy bond, and said that he would go and see R. Lindley concerning the cattle. Lindley testified that the defendant did come to see him, and said that he did not claim the steer, but that he had bought the two heifers from a man named Tims, who lived in Hunt County in 1898.

It was shown that the steer had gotten into defendant's pasture and had been turned out by his orders several times, but would get back into his field. It was also proved that defendant was seen driving this steer, along with some other cattle belonging to himself and sister, along the road, and that he had stopped and cut him out and driven him away from his herd some distance.

Defendant proved by a number of witnesses his good character for honesty and fair dealing. Defendant's bill of exceptions show, that while the witness T. L. Bird, the deputy sheriff who executed the writ of sequestration, was upon the stand and had testified for the State, defendant proposed to prove by him, on cross-examination, that defendant claimed no interest in the three-year-old steer; that the steer jumped into the pasture and that he had tried to get rid of him and could not; that he had turned him out and driven him off several times, but that he would return and jump in again; but that the two three-year-old heifers were his; that he bought them about the first of January, 1898, from one Frank Tims, in Hopkins County, near the Hunt County line; that he paid $22 for them; that he understood that said Tims lived in Hunt County near Lone Oak; that he would file a bond for the two heifers; that this was the first time he ever spoke to defendant concerning said yearlings or of Lindley's claim of title to same. And the State's counsel objected to said question and answer and to said proposed testimony when offered, upon the ground that the same was self-serving, and the court sustained the said objections and excluded said testimony.

No further statement is necessary.

Defendant's counsel asked the court to instruct the jury upon the law of circumstantial evidence, in the language of approved precedents, and the court refused to give the instructions.

*King & Conner* and *Crosby & Dinsmore*, for appellant, filed an able brief.

*Rob't A. John*, Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant's first bill of exceptions was reserved to that portion of the court's charge which instructed the jury: "If the defendant bought the alleged stolen animal from one Tims, while they were running on the range, and afterwards took the same from the range, and at the time he so bought and took the cattle he believed they were the property of Tims, then defendant would not be guilty; but if, at the time he so bought and took said cattle, he knew the cattle were not the property of Tims, then said purchase would not justify him in taking the cattle, and would be no defense to the charge against him in this case." We believe the giving of this charge, under the facts of this case, was error. There is no evidence, as we understand this record, that appellant took the cattle from the range under the purchase from Tims. Appellant's claim was that he purchased two head of cattle from Tims, for which he paid him $22, but there is no evidence that he went upon the range and gathered them. The presumption would rather be that Tims delivered the cattle. If appellant purchased the cattle from Tims, and received them from him, knowing they were stolen, he would not be guilty of theft, unless he had some connection with the theft in such manner as to make him a principal. If Tims stole the cattle, and appellant knew that fact, and purchased them from him subsequently, he would not be a principal, and could not have been convicted under this indictment. He would simply be a receiver of stolen property. So, under the facts of this case, this portion of the charge should not have been given.

Appellant requested in writing, a charge submitting the issue of circumstantial evidence, which was refused by the court, and exception reserved. This charge should have been given. This is a case of purely circumstantial evidence. The State's case was based upon possession of property that did not belong to appellant, but did belong to Lindley. He accounted for this by stating he had purchased it from Tims. So far as we are aware, this state of case has always been held to be one of circumstantial evidence.

Appellant also proposed to prove by the officer, Bird, who served on him the writ of sequestration, that, when he first met said officer, a conversation occurred with reference to the loss of and title to the cattle, and in which he told Bird that he had bought the two heifers from Frank Tims, about the 1st of January, 1898, in Hopkins County, and near the Hunt County line, and had paid $22 for them, and that the third one, a steer, was not his, and he made no claim to it; that it jumped into his pasture; that he had turned it out and driven it away several times, but that it would return and jump in again. We believe this evidence should have been permitted to go to the jury, under the circumstances of this case. Lindley, the alleged owner, had brought suit for the three animals. He had not seen appellant with reference to them prior to bringing the suit, and this was the first time appellant had been apprised of the litigation. This was a direct assault upon the ownership of the property. Under the sequestration proceeding,

possession of the three head of cattle was alleged to be in him, and, when the matter was brought to his attention by the officer who was serving the writ, he made the statement offered in evidence. We believe it should have been permitted to go to the jury, along with the other facts in this connection. For the errors indicated, the judgment is reversed, and the cause remanded.

*Reversed and remanded.*