WALLACE FLORENCE v. THE STATE.

No. 909. Decided February 15, 1911.

1.—Murder—Continuance—Cumulative Testimony.

Where, upon trial of murder, one of the alleged absent witnesses attended court, and the testimony of the other absent witness, who was the brother of the defendant, was not contested by the State's testimony, but admitted by the State's witnesses and testified to by some of defendant's witnesses; and the application for continuance moreover did not show sufficient diligence, there was no error in overruling same.

2.—Same—Evidence—General Reputation.

Upon trial of murder there was no error in excluding testimony as to the general reputation of State's witnesses for virtue and chastity; the court admitting testimony as to reputation for veracity.

**3.—Same—Argument of Counsel—Bills of Exception.**

Where, upon appeal from a conviction of murder, the bills of exception with reference to State's counsel's argument were so qualified as not to present error; and there was no requested charge withdrawing remarks of counsel, there was no error.

**4.—Same—Evidence—Questions to Witness.**

Where the question asked by State's counsel was held by the court improper, whereupon State's counsel so changed the form of the question as to make it unobjectionable, there was no error.

**5.—Same—Charge of Court—Impeaching Witness—Limiting Testimony.**

Upon trial of murder there was no error in the court's charge limiting impeaching testimony.

**6.—Same—Sufficiency of the Evidence.**

Where, upon trial of murder, the conviction was fully sustained for murder in the second degree by the evidence, the same will not be disturbed.

Appeal from the District Court of Rusk. Tried below before the Hon. W. C. Buford.

Appeal from a conviction of murder in the second degree; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

*Futch & Tipps,* for appellant.—On the question of illegitimate argument of counsel: Jenkins v. State, 49 Texas Crim. Rep., 457, 93 S. W. Rep., 726; Fuller v. State, 30 Texas Crim. App., 559, 17 S. W. Rep., 1108; Exon v. State, 33 Texas Crim. Rep., 461, 26 S. W. Rep., 1088; Baughman v. State, 49 Texas Crim. Rep., 33, 90 S. W. Rep., 166, Coleman v. State, 49 Texas Crim. Rep., 82, 90 S. W. Rep., 499.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, JUDGE.—Appellant was indicted in the District Court of Rusk County, Texas, charged with the murder of Pit Christian, and upon a trial, was convicted of murder in the second degree, and his punishment assessed at five years confinement in the penitentiary.

The court submitted to the jury the issues of murder in the first and second degrees, manslaughter and self-defense, and there is no complaint in the motion for a new trial that the court did not properly instruct the jury in these respects.

1. The main question raised is that the court erred in overruling appellant's application for a continuance. One of the witnesses, Miss Bessie Woodward, upon whom the application for a continuance was based, appears by the record to have attended court and testified in the case. The only other witness named in the application is John Florence, a brother of the defendant, by whom it is stated that defendant expects to prove, (1) that Bud Woodward called his attention to the fact that there was a knife then sticking in defendant's back. Bud Woodward, a witness for the State, testified that he did call John Florence's attention to that fact, and it is nowhere disputed in the

record. (2) That deceased, Pit Christian, struck his brother with a shotgun. This is not denied in the record. It appears from the record that Grover Bean and John Wooley had some words about who should dance the last set. That they went out doors, and were still quarreling over the matter when defendant Florence came out of the house with the gun and threw it on Grover Bean, either in fun or in anger, and said he would make them all dance. Bean took the gun away from him, took out the cartridge, and threw the gun on the ground, when defendant cut Bean with a knife, and was himself cut by an unknown party, probably Lee Gibson, who lived with deceased. Deceased, when Bean threw the gun down, picked it up and struck defendant with it while he was attacking or in the act of striking Bean. (3) That the last time the witness John Florence saw the gun deceased had it. No one disputes that when Bean took the gun away from defendant, unloaded and threw it down, that deceased picked it up, and the entire record shows that deceased did not have the gun when he was shot. A number of witnesses testify to all that defendant states he expected to prove by his brother, if he had testified to all that was stated in the application that it was expected to be proven by him. In fact, the material facts sought to be proven by the witness, as stated in the application, were not contested by the State's testimony, but admitted by the State's witnesses, and testified to by four or five of defendant's witnesses. In qualifying the bill, the court states: "This bill of exception is approved with the qualification that wire was sent to the sheriff of Montgomery County (where the application claimed the witness could be found) to know why he had not returned the process for this witness and why he had not brought this witness to court, to which the sheriff wired that he had received no process for said witness, had none, and that he knew where said witness was and would bring him if wanted; that the witness was a brother of defendant, and the defendant could have produced him at the trial if they had wanted to." Viewing the application in the light of the facts and the testimony on the trial, we do not think the court erred in overruling the application for a continuance.

2. There was no error in refusing to permit the defendant to prove the reputation of certain persons for "virtue and chastity." The court permitted the witnesses to testify that the reputation for truth and veracity was bad. This was as far as the defendant was entitled to inquire.

3. In bills of exceptions Nos. 4, 5 and 6, defendant complains of remarks of the district attorney. The court qualified these bills, and as qualified no error is presented. In addition, the appellant requested no charge in regard to these matters, and in the absence of a requested charge defendant can not complain of objectionable remarks of the prosecuting attorney. Bailey v. State, 45 S. W. Rep., 708; Garner v. State, 24 S. W. Rep., 420; Mathews v. State, 41 Texas

Crim. Rep., 98, 51 S. W. Rep., 915; Leggett v. State, 65 S. W. Rep., 516.

4. In bill No. 3 appellant complains of a question asked by the State's attorney. The court states he sustained defendant's objection, and the State's counsel changed the form so it would not be objectionable. While the question was not proper, in view of the action of the court, it presents no reversible error.

5. There was no error in the court limiting in his charge the effect of the testimony of impeaching witnesses. It was proper he should do so.

6. The testimony in this case shows that during the altercation between John Wooley and Grover Bean deceased acted the part of peacemaker, while defendant's conduct added "fuel to the fire." Fifteen minutes after this difficulty was over deceased started home with his family, and when he had gotten about thirty steps from defendant, defendant or some one in his crowd made insulting remarks; some words then ensued, when defendant shot deceased, deceased not being armed at the time he was shot. If a witness is to be believed, defendant, when leaving the ground, said: "I shot the d—m s—n of a b—h, and I wish I had got that d—m Grover Bean," evidencing a spirit that was not in consonance with his plea of self-defense.

Finding no reversible error in the record, the judgment is affirmed.

*Affirmed.*