## MULKEY HICKMAN v. THE STATE.

### No. 1437. Decided March 20, 1912.

### Rehearing Denied April 10, 1912.

**1.—Burglary—Evidence—Arrest—Res Gestae.**

Where, upon trial of burglary, defendant's declarations as to the burglary were admitted as part of the res gestae, they were admissible even if defendant was under arrest, but no formal arrest having been shown, they were admissible anyway.

**2.—Same—Bill of Exceptions—Arrest—Declarations by Defendant.**

Where defendant accepted the bill of exceptions as qualified by the trial judge wherein it was shown that defendant was not in fact under arrest at the time he made declarations as to the offense, the same will control, and there was no error.

**3.—Arrest—Rule Stated.**

Unless the evidence shows that defendant believed himself under arrest, his unwarned statement or confession is admissible in evidence. Following Craig v. State, 30 Texas Crim. App., 619, and other cases.

**4.—Same—Rule Stated—Arrest.**

Whatever the intention of the officer may be, if he had not in fact arrested defendant and defendant was not apprised of his intention to do so at the time he made the statements, they were admissible. Following Hilcher v. State, 60 Texas Crim. Rep., 180, and other cases.

**5.—Same—Res Gestae—Rule Stated.**

The mere fact that declarations are made in answer to questions will not of itself prevent them from being res gestae. Following Boothe v. State, 4 Texas Crim. App., 202, and other cases.

**6.—Same—Argument of Counsel.**

Where the remarks of counsel under the qualification of the court to the bill of exceptions, were not in themselves improper, and no special charge was requested, there was no error.

**7.—Same—Practice on Appeal.**

Where bills of exception are required and not reserved, the matter can not be reviewed on appeal.

**8.—Same—Practice on Appeal.**

Where the motion for new trial did not contain the refused requested charge, and there was none in the record, the matter could not be reviewed.

**9.—Same—Sufficiency of the Evidence.**

Where, upon trial of burglary, the evidence sustained the conviction, there was no error.

Appeal from the District Court of Hamilton. Tried below before the Hon. J. H. Arnold.

Appeal from a conviction of burglary; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*H. E. Trippet* and *R. Q. Murphree* and *Langford & Chesley,* for appellant.—On the question of admitting defendant's declarations: Young v. State, 54 Texas Crim. Rep., 417, 113 S. W. Rep., 276; Sowers v. State, 55 Texas Crim. Rep., 113, 113 S. W. Rep., 148; Gaston v. State, 55 Texas Crim. Rep., 270, 116 S. W. Rep., 582.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, JUDGE.—Appellant was indicted, prosecuted and convicted of burglary and his punishment assessed at two years in the penitentiary.

It appears that the store of the Rotan Grocery Company at Hico was being burglarized, and the manager and night watchman of the town found one of the doors unlocked one Saturday night about the 8th of May. About 3 o'clock next morning the two went in the store to keep watch. Mr. Carlton stationed himself at a point on the out-

side. About daylight appellant was seen to drive up in a buggy, get out and go in at this door that was open. When he got inside, he heard a noise, struck a match and saw the manager and night watchman, when he remarked, "Well, you fellows have caught me." Mr. McMillan, the watchman, asked him what he was doing in there, when he answered, "Well, he had just come in after his knife." It appears that prior to February 18, appellant had been working in the store, and on the trial he claimed when he quit in February he left a knife in the store, and had gone there after it. At the time he was found in the store, he asked what the men were going to do with him, Mr. McMillan replying: "Let's get out of here." Appellant got in his buggy and drove around to the front of the building, when Mr. Carlton came up. Mr. Carlton was placed on the witness stand and testified: "That all three of them, that is, the defendant, Marshal McMillan and Ruby French, came out of the house in not more than two minutes after the witness had seen defendant enter at the door, and then being asked by the district attorney, 'was there anything said by the defendand at that time;' after they came out on the sidewalk the defendant just remarked to me, 'I have played hell.' I think that was all he said directly to me, 'I do not know what all he did say;' he then asked us to say nothing about it; that he 'guessed they would fine him,' he said he guessed Rodgers would fine him, and if he did he would pay the 'fine.' Thereupon the district attorney asked the witness, 'Did he say anything about getting something to eat,' and the witness replied, 'I did not ask him that question, I think that Rodgers or McMillan asked him what he was doing in there and he said he was there to get something to eat.' I asked him the question how came the door unlocked, and he said that another fellow left it unlocked, it was Ed Wilson that he tried to implicate. He was working there at the time and he said Ed Wilson fixed the door and that he was to come that night, and he himself was to go next morning, and then he dropped his head a little and said: 'That ain't right, that is a lie' and then said: 'There is no use trying to get somebody else in trouble and I won't do it.' And then he said that he 'went in the building that evening before the men went out and locked up, and said that he secreted himself and when they went out he got up and went out and left the door that way.' To which several questions and answers thereto, the defendant objected because at the time of making the statements attributed to him the defendant was in the custody of officers, had not been warned as required by law, and the same were not in writing, and the court overruled said objections, and said evidence was admitted and considered by the jury." The court, in approving the bill, says:

"The above evidence was admitted as part of the res gestae. While the evidence showed Carlton and McMillan were officers, no formal arrest was shown up to the time of making statement to Carlton. In fact, defendant's evidence shows he did not know officers intended to detain him up to that time. What defendant said to Carlton was but

a part of what he said to French and McMillan when he ·was caught in the house and a continuation of the same conversation and a part of it. This statement was within two minutes from the time the defendant had entered the alleged burglarized house, and even if under arrest would have been and was res gestae, as was ruled by the Court of Criminal Appeals in Powers v. State, 23 Texas Crim. App., 42; Weathersby v. State, 29 Texas Crim. App., 278; Miller v. State, 31 Texas Crim. App., 609; Gouton v. State, 21 S. W. Rep., 255. With this explanation the bill is approved and ordered filed and made a part of the record."

Appellant accepts this bill as thus qualified and filed, and under it we must presume that at the time he did not know the officers intended to detain him, because the qualification of the court is binding upon us, when not excepted to by appellant. And his qualification appears to be supported by the evidence. . The witness was asked by the court: "Had you told him before he made these statements to you that you would not let him go?" A. "No, sir. I had not said anything to him about detaining him when he made these statements. No one else had said anything about detaining him in my presence." It has been held by this court that whatever be the intention of the officer, if he had not arrested defendant, and defendant was not apprised of his intention to do so at the time he made the statements they are admissible. It is not the intention of the officer that governs. Hart v. State, 15 Texas Crim. App., 202; ·Cordes v. The State, 54 Texas Crim. Rep., 204; Hilcher v. The State, 60 Texas Crim. Rep., 180, 131 S. W., 593; Martin v. The State, 57 Texas Crim. Rep., 264, 122 S. W., 558; Elsworth v. The State, 54 Texas Crim. Rep., 78, 111 S. W., 963; Grant v. The State, 56 Texas Crim. Rep., 411, 120 S. W. Rep., 481. Again, it has been said that although an officer would not have permitted defendant to depart, yet, if the evidence did not show that defendant believed himself under arrest, his unwarned statement or confession is admissible. Craig v. The State, 30 Texas ·Crim. App., 619; Cornwell v. The State, 45 Texas Crim. Rep., 142; Gay v. The State, 40 Texas Crim. Rep., 242. In this case the evidence further shows that at the time this conversation took place, he asked the men present not to say anything about the matter. Appellant says when they went out of the store he did not know they were going to hold him. We do not think the evidence would show that appellant was aware or had been informed that he was under arrest at the time, and the testimony was admissible for that reason, but if he was arrested under the decisions of this court, we think the testimony was admissible as res gestae statements. In addition to the authorities cited by the court in his qualification, see Bronson v. State, 59 Texas Crim. Rep., 17, 127 S. W. Rep., 175, where this question ·is treated at length. The mere fact that declarations are made in answer to questions will not of itself prevent declarations from being res gestae. Boothe v. The State, 4 Texas Crim. App., 202; Pierson v. The State, 18 Texas Crim. App., 526; White v. The State,

30 Texas Crim. App., 652; Harvey v. The State, 35 Texas Crim. Rep., 545; Johnson v. The State, 46 Texas Crim. Rep., 291; Hobbs v. The State, 55 Texas Crim. Rep., 299.

The appellant reserved a bill of exceptions to certain remarks of the district attorney, but asked no special instructions in regard thereto. In the remarks were improper it has been held by this court that where the remarks were excepted to, but no charge in regard thereto was requested, this court will not reverse the case. Pennington v. The State, 48 S. W. Rep., 507; Spencer v. The State, 34 Texas Crim. Rep., 65; Barber v. The State, 35 Texas Crim. Rep., 70; Wright v. The State, 36 Texas Crim. Rep., 427; Trotter v. The State, 37 Texas Crim. Rep., 468; Patterson v. The State, 56 S. W. Rep., 59; Giles v. The State, 57 S. W. Rep., 99; Florence v. The State, 61 Texas Crim. Rep., 238, 134 S. C. Rep., 689. Under the qualification of the court to the bill as filed, we are not prepared to hold that the remarks were improper under the circumstances.

There are only two bills of exceptions in the record, and we can not consider the matters complained of in the first, second and fourth grounds stated in the motion for new trial. Neither can we consider the grounds complaining of the failure to give special charges requested as there are no special charges contained in the record; neither are they set out in the motion for new trial.

The third and fifth ground have heretofore been discussed herein, and the only remaining ground alleges the insufficiency of the evidence. The evidence fully supports the verdict, in fact, shows appellant plead guilty of theft on the occasion he is charged with burglary, and further shows that he entered the house by force.

The judgment is affirmed.

*Affirmed.*

[Rehearing denied April 10, 1912.—Reporter.]