JAMES REDD V. THE STATE.

No. 11786.     Delivered May 16, 1928.

1.—Burglary—Evidence—Properly Admitted.

Where, on a trial for burglary, it was not improper to admit proof that a key, which was shown to have been in the possession of appellant, fitted and would unlock the door of the residence that was burglarized.

See Gaines v. State, 95 Tex. Crim. Rep. 375; Wharton's Crim. Ev. (10th Ed.), Vol. 2, Sec. 783a, and Branch's Ann. P. C., Sec. 128.

**2.—Same—Time of Burglary—Evidence—Sufficient.**

Where, on a trial, burglary of a private residence in the nighttime is charged, evidence that the entry occurred after the owner of the premises had gone to church, which was more than thirty minutes after sunset, was sufficient to support the finding that the burglary was committed in the nighttime.

Appeal from the District Court of Kaufman County. Tried below before the Hon. Joel R. Bond, Judge.

Appeal from a conviction of the burglary of a private residence, penalty five years in the penitentiary.

The opinion states the case.

*C. O. Crisp* of Kaufman, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

MORROW, PRESIDING JUDGE.—Burglary is the offense, punishment fixed at confinement in the penitentiary for a period of five years.

The indictment charged the burglary of a private residence at night. Appellant and one Jones (two negro boys) representing themselves as twin brothers under the name of Hollis, became boarders in the house of Mollie Williams. Maggie Elder, who lived nearby, owned a musical instrument. The two boys called at the house of Maggie Elder in the afternoon and heard music upon the instrument, after which they departed. Maggie Elder went to church about 5:30 in the afternoon and upon returning about 10 o'clock at night, she missed her musical instrument, which she called a "grafanola." It was later found in a trunk which had been jointly used by the appellant and his companion while they were inmates of the Williams house. Upon going to church, Maggie Elder locked her house, and upon her return it was still locked. The two boys moved their effects from the Williams home and took them to the home of the witness, McCullogh. Mollie Williams was unable to state at what time the boys left her home. She stated, however, that when they returned to her home from the Elder place they did not have the "grafanola," and that they remained at the Williams home until the witness went to church, which was more than half an hour after sunset. The boys arrived at the McCullogh home about 10 or 11 o'clock at night, bringing a trunk with them.

They stated that they desired to leave their trunk there until the next morning and spend the night there. The two boys were arrested by the witness Cole. The trunk was seized by Cole and in it was found the instrument mentioned. A bunch of keys was taken from Jones. These keys were, by the officer, delivered to Mollie Williams. She testified that she received a key from Cole and on trying it found that it would unlock the door to Maggie Elder's house. The appellant was not present when Mollie Williams tried it on the lock of the Elder house.

Evidence was introduced supporting the reputation of the appellant as a law-abiding citizen. He was a youth twenty years of age, and had never been convicted of a felony. Appellant became a witness in his own behalf. He said that he and Jones stayed at the Williams home for some two weeks; that the trunk in question belonged to Jones. They moved from the Williams house at night, taking the trunk with them. They left the Elder home at 5:30 in the afternoon. The appellant did not return that night but went to a cafe. Jones went elsewhere. They later met at the Williams house and from there carried their trunk to the McCullogh home. Appellant claimed that he did not know that the musical instrument was in the trunk; that he had nothing to do with the taking of the instrument; that he learned that it was in the trunk after they reached the McCullogh home, a few minutes before the arrival of the officers.

The testimony of Mollie Williams that with the key obtained from Officer Cole she was able to unlock the door of the Elder house was received over the objection of the appellant upon the ground that it was hearsay. The objection, we think, is not tenable. See Gaines v. State, 95 Tex. Crim. Rep. 375; Wharton's Crim. Ev. (10th Ed.), Vol. 2, Sec. 783a; Branch's Ann. Tex. P. C., Sec. 128.

It is the appellant's position that the evidence is insufficient in that it fails to show the burglary to have taken place at nighttime. The circumstances are deemed sufficient to support the finding by the jury that the burglary took place in the nighttime as defined by statute, that is more than half an hour after sunset. See Art. 1396, P. C., 1925. Apparently, the appellant and his companion left the Elder house before sundown and went to the Williams home without the stolen property, and that they remained there until nighttime. The evidence would support the inference that while the Williams and Elder women were both at church the burglary and theft were committed.

The judgment is affirmed.                    *Affirmed.*