## D. C. Baker v. The State.

No. 12661. Delivered December 4, 1929.
Rehearing denied January 15, 1930.

The opinion states the case.

*W. S. Adamson* of Ranger, for appellant.

*A. A. Dawson* of Canton, State's attorney, for the State.

MARTIN, JUDGE.—Offense, felony theft; penalty, two years in the penitentiary.

The indictment describes the alleged stolen property as "one 34–7 Goodyear Diamond tread casing of the value of $60.15; one inner tube of the value of $7.60; and one rim of the value of $3.25." It is claimed that this description of the property was too vague and indefinite to put the defendant upon notice of what he was charged with stealing. It is only required under Article 403, C. C. P., that property be described by name, kind, quality, number and ownership. Taking these allegations as a whole, we do not think the appellant could have possibly understood that he was charged with stealing an oil-well casing as contended. In our opinion, the description of the property was sufficiently definite. Grissom v. State, 40 Tex. Cr. R. 147; Campbell v. State, 61 Tex. Cr. R. 504.

It is further claimed that the court should have given a charge on misdemeanor theft. We find no testimony raising this issue, nor any exception to the failure of the court to submit same. There being ample testimony to show value high enough to make a felony theft, the court was not required to submit misdemeanor theft in the absence of an exception. Art. 666, C. C. P., provides:

"All objections to the charge and to the refusal or modification of special charges shall be made at the time of the trial."

The question comes too late when raised for the first time on appeal under the facts of this case.

It is strenuously insisted that the question of the identity of the appellant is so uncertain as to make the evidence insufficient to sustain a conviction. The property described in the indictment was left in a truck in front of a hotel in the town of South Bend. An employee of a telephone company, about 1:00 A. M. at night, observed a Chevrolet touring car drive up, and one of the occupants took the property alleged to have been stolen from the truck and placed it in the touring car, and he and a companion immediately drove off with it. The owner of the truck, as well as the sheriff, was notified. The owner went in pursuit and soon thereafter came upon a car that fit the description of that seen by the witness. He followed this car which passed a filling station where the sheriff was standing. The sheriff went in pursuit of the car. He overtook it and arrested the appellant and his companion. Appellant fitted in every way the description of the person seen to take the property. The car made a peculiar whistling noise, which was noticed by the telephone employee at the place of the theft. The car in which appellant was riding when arrested made this same noise, and otherwise fitted the description of that observed at the scene of the theft. The stolen property was found by the roadside along which the appellant had driven his car and at a point beyond where the sheriff was stationed. In our opinion, the evidence is sufficient.

Finding no error, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the court.

ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant insists that the evidence is not sufficient to show that the value of the alleged stolen property

was more than fifty dollars. We can not agree to this contention. Whether the articles sold be classed as new or second-hand, there is sufficient evidence in the record upon which to base a conclusion that the value of same was more than fifty dollars. We have again reviewed the testimony in the light of the further complaint that same is not sufficient to justify the conclusion that this appellant was identified as the taker of the alleged stolen property. We never feel inclined to set aside the verdict of a jury except for such lack of testimony as indicates prejudice, passion, etc. We deem the evidence sufficient on the point under discussion.

The motion for rehearing will be overruled.

*Overruled.*