CHARLIE HILTS MURRELL V. THE STATE.

No. 20320. Delivered April 19, 1939.
Rehearing Denied May 17, 1939.

The opinion states the case.

*A. K. Harris,* of Fort Worth, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The offense is burglary; the punishment assessed is confinement in the state penitentiary for a term of three years.

Appellant challenges the sufficiency of the evidence to justify and sustain his conviction. The testimony adduced by the State, briefly stated, shows that between the hours of four P. M. of May 10 and 7 A. M. of May 11, 1938, some person or persons entered a tool house of the Texas & Pacific Railroad Company, situated within the city limits of Ft. Worth, and took therefrom one cythe and two ballast forks. Henry Perry, who was in charge of the tools and tool house, testified that the building was about 12x12 feet, with a floor made of wood and double doors which he locked on the afternoon in question after the handcar and tools had been placed therein. That he was the only person who had a key to the lock, and he had the key in his pocket during the time the property was taken from the building. That the doors could be pulled out sufficiently far from the building to permit a person to crawl under the same and enter it.

C. A. Alphin, a dealer in secondhand goods, testified that about the 10th or 11th of May, 1938, Lloyd Hogue offered to sell him a cythe and two ballast forks. About three hours later, Alphin saw the tools lying on the back porch of his home. He examined them and found that they were stamped "T. P. Railroad." He notified the officers, who parked their car a short distance from Alphin's home and waited for the parties to come for the tools. In a short time, appellant, Hogue and William R. Franklin came, picked up the tools and left, but were overtaken and arrested by the officers. About an hour before Alphin came home, appellant, Hogue and Franklin brought the tools mentioned to his house and inquired from Mrs. Alphin if her husband was at home. The three named boys were in joint possession of the tools which they left on the porch. Appellant testified in his own behalf. He denied having participated in the burglary. He acquitted Franklin of any participation in the original taking. On cross-examination, however, he testified: "When I went with him (referring to Hogue) down there, they (referring to the tools) was under there, right under the house, under the floor. That was the house right out on the T. P. Railroad right-of-way, the same one where this colored man keeps his tools. It was then about 5 P. M. When he (meaning Hogue) told me that he had hid them under the tool house, I decided that was perfectly fine and I would help him then."

Appellant admitted that he told the officers that they had gotten the tools down at the railroad house.

We believe the evidence is sufficient to sustain the conviction. The doors to the building were locked after the tools had been placed therein. The only way an entrance could have been made into the building was with a key or by pulling the double doors from the building a sufficient distance to permit a person to crawl under the door into the building. It required some force to pull the doors away from the building and hold them in such a position that another person could crawl under and into the building. See Redd v. State, 109 Tex. Crim. Rep., 637; 6 S. W. (2d), 371. We have carefully examined the authorities cited by appellant in support of his contention, but find no similarity in the facts in those cases to the facts in this case. Those authorities merely stand for and adhere to the well established rule that a conviction on circumstantial evidence cannot be sustained, unless the circumstances proved exclude every other reasonable hypothesis except the guilt of the accused.

By bills number one, three and seven, appellant complains of the testimony given by the officers, Warren and Brown, to the effect that when they arrested appellant and his companions, they were in possession of the allegedly stolen tools; that when the officers inquired of them where they had obtained the property, they replied that they had borrowed them from a fellow (and pointed back north) to do some garden work, but the man would not pay the price which they demanded. Appellant's objection to this testimony was based on the ground that he was under arrest at the time; that he had not been warned, nor was his statement reduced to writing and signed by him as required by law. The facts show that it was made contemporaneously with his arrest at a time when his possession was first being directly questioned, and was admissible under the holding of this court in the following cases. Hodge v. State, 41 Tex. Crim. Rep., 229; 53 S. W., 862; Jones v. State, 132 S. W., 476; Harris v. State, 10 S. W. (2d), 551; Girvin v. State, 15 S. W. (2d), 643.

Bill of exception number two reflects the following occurrence. Henry Perry testified for the State that he was an employee of the Texas & Pacific R. R. Company as section foreman. That on the day in question, he and his men quit work about four P. M. That he ran the hand car with the tools thereon into the toolhouse and locked the doors. That he was in charge of it and was the only person who had a key to the

lock. Appellant, on cross-examination, elicited the fact from him that the house did not belong to him; that it was owned by the railroad company. That he did not occupy it but was only the overseer thereof. Counsel for appellant then held up the indictment before the witness and said: "Well then, this much of that indictment is not true, is it? To which the State objected on the ground that the court would instruct the jury as to what constituted ownership and it would be for them to pass thereon; which objection was sustained and appellant excepted. We see no error reflected by the bill.

Bill of exception number four shows that the district attorney, on cross-examination of appellant, asked him the following questions: "You know right this minute if you could get out of this thing for a jail sentence or fine, you would plead guilty to stealing this very property, wouldn't you?"

Appellant claims that he objected thereto on the grounds that same was highly prejudicial and irrevelant. The court in his qualification thereto states that no objection was made at the time it was offered. That appellant on direct examination by his counsel testified: "If I had been guilty of this, I would have plead guilty. I have talked to the court about this case and told him what I had done and what I was testifying to now. The court then told me that under those facts, I was not guilty." On cross-examination by the State, he testified: "I plead guilty in this court once today. I told the judge three different times I was pleading guilty, in a way, but he explained to me it was burglary and that I must admit my guilt unequivocally, and I didn't because I am not guilty of burglary." Under these circumstances, we do not think the bill reflects reversible error.

Appellant, within the time allotted by law, requested the following special instruction from the jury. "Gentlemen of the Jury: You are instructed in considering your verdict in this case to not consider any matter or statement and remarks made by counsel for the State relative to a plea of guilty and not construe the defendant guilty by such statement and remarks."

This bill is qualified by the trial court and as qualified fails to reflect error. Appellant accepted the bill with the court's qualification and is bound thereby. Moreover the bill is multifarious.

Bills of exception numbers five, six and ten are without merit and we see no need in discussing them.

Bill of exception number eight reflects the following occurrence. On cross-examination of appellant, the district attorney propounded the following questions and elicited the following replies:

"Q. I understand you say there, Murrell, that if you had known that property belonged to somebody else, you would not have taken it? A. I wouldn't.

"Q. You wouldn't. A. No, sir.

"Q. Of course, you hadn't ever taken anybody else's property before that time, had you? A. Yes, sir.

"Q. Well what caused you to be so scrupulous about not wanting to take it on that particular occasion, since you had taken other people's property before? A. Well, trying—"

To which appellant objected on the ground that it was irrevelant and immaterial. The court sustained the objection. Appellant claims that at the close of all the testimony, he objected to the court's charge because it did not inform the jury not to consider the above and foregoing evidence in arriving at a verdict and requested a special charge to that effect. The court, in his qualification to the bill, states that just preceding the cross-examination of the appellant, he testified on direct- examination as follows: "If I had know that that was stolen property, or somebody else's property, I would not have taken it or gone with him to try to sell it." The court further states that no objection was made to the court's charge but that appellant requested a special charge instructing the jury not to consider any matter, statement or remark made by counsel for the State to a plea of guilty and not to construe the defendant guilty by such statement. We think under the circumstances, the charge was properly refused.

Bill number nine complains of the court's action in overruling appellant's motion for a severance and placing William R. Franklin on trial first. It appears from the court's qualification to this bill that appellant and Franklin were both indicted for the same offense and their cases set for the same date. That each of them filed a written motion for severance and prayed that the other be tried first. The court sustained Franklin's motion and placed appellant on trial. Under the court's qualification to this bill, we fail to see any error.

No error of a reversible nature appearing in the record, the judgment of the trial court is affirmed.

The foregoing opinion of the Commission of Appeals has

been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON APPELLANT'S MOTION FOR REHEARING.

CHRISTIAN, Judge.

After carefully re-examining the record in the light of appellant's motion for rehearing we are constrained to adhere to the conclusion expressed in the original opinion.

The motion for rehearing is overruled.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.