WALTER YOUNG v. THE STATE.

No. 21029. Delivered May 1, 1940.
Rehearing Denied June 19, 1940.

510

The opinion states the case.

*Harry W. Flentge,* of Gatesville, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The offense is theft of property under the value of Five Dollars. The punishment assessed is a fine of $75.00.

Appellant first complains of the court's action in overruling his motion to quash the complaint and information on the ground that it does not give a definite description of the kind and quality of the tire alleged to have been stolen, nor does it give the factory number.

We note that the complaint and information charges that on or about the 19th day of December, 1938, Walter Young, in the County of Coryell and State of Texas, did then and there unlawfully and fraudulently take one automobile tire of the value of $3.50, the same being the corporeal personal property

of Kirby Hanes, without the consent, etc. We deem the description of the property sufficient. If he had been charged with stealing one suit of clothes, or one hat, it is our opinion that it would not be seriously contended that a more particular description of the property by collar size, etc., was necessary. This case is not like that of Scott v. State, 67 S. W. (2d) 1040. In that case, the property was merely described as "certain lubricating oil" without any averment as to the amount, quality or kind.

Appellant next challenges the sufficiency of the evidence to justify and sustain his conviction.

The State's testimony shows that some one, without the knowledge or consent of Hanes, the owner, took a tire from his tractor. Hanes, who had written the serial number of his tire on a piece of paper and preserved it, later found that tire on a wheel of appellant's automobile. On the trial appellant admitted taking the tire but testified that he thought he had Hanes permission to do so. Bill of Exception No. 1 shows that on cross-examination he was asked if he did not state to the officers, in the presence of Hanes, when his possession of the tire was first questioned, that he had purchased it in Waco. He admitted making such statement. He said, however, that things got so "messed up" that he did not know what to say. Appellant objected to said testimony on the ground that he was under arrest at the time, or at least thought that he was, and not having been warned as required by law, the State should not, on cross-examination of him, have elicited such statement. We are not in accord with his contention. The facts show that his statement to the officers was made contemporaneously with his arrest, if he was under arrest, at a time when his possession of the stolen property was first questioned. Hence, the same was admissible under the holding of this Court in the case of Murrell v. State, 127 S. W. (2d) 896, and authorities there cited. See also Black v. State, 13 S. W. (2d) 100.

By Bill of Exception No. 2 appellant complains of the following testimony of the sheriff and his deputy: "While we were looking at the tire Mr. Young came up and said he bought the tire in Waco. Walter Young said he got it over at Waco on Elm Street; he had forgotten the name of the place, and I said: 'Well, get in my car and we will be over there in just a little while.'"

The deputy testified in substance to the same statement. Appellant objected to this statement on the ground that he was

under arrest at the time; that the statement was not reduced to writing and signed by him, nor had he been warned as required by Art. 727, C. C. P. We are of the opinion that this statement was made when appellant was found in possession of the stolen property and his possession of it was first being questioned, and therefore comes within the rule announced in the case of Murrell v. State, supra. Whether or not appellant was under arrest was a disputed fact. If appellant was under the impression that he was under arrest he must have reached such a conclusion from both guilty knowledge and the presence of the officers. The mere presence of the officers alone would hardly cause an innocent man to believe that he was then and there under arrest. However, what we have heretofore said disposes of the question.

Appellant in his able brief has cited us to a number of authorities upon which he relies as supporting his contention. We have reviewed them all, but find ourselves unable to agree with him.

Finding no error in the record, the judgment of the trial court is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

GRAVES, Judge.

Appellant vigorously attacks the jurisdiction of the county court to try this appellant, it being his contention that under the State Constitution the justice court has original and exclusive jurisdiction over all criminal cases where the fine that could be imposed does not exceed two hundred dollars. He cites Art. 5, Sec. 16, and Art. 5, Sec. 19 of the State Constitution. The point he presents is interesting, and could occupy a large portion of this opinion except for the fact that same has been decided adversely to his contention in the Patterson case, 56 S. W. (2d) 458, and the Kugle case, 59 S. W. (2d) 417, which cases we utilize in overruling his contention.

Again appellant contends that the complaint and information are fatally defective in that they did not describe the number that was on the automobile tire alleged to have been stolen, his further contention being that such number was known to the sheriff, and therefore under Art. 403, C. C. P.

it was necessary to state the number, if known, in the pleadings. We held in Baker v. State, 22 S. W. (2d) 936, as follows: "The indictment describes the alleged stolen property as 'one 34-7 Goodyear Diamond tread casing of the value of $60.15; one inner tube of the value of $7.60; and one rim of the value of $3.25.' It is claimed that this description of the property was too vague and indefinite to put the defendant upon notice of what he was charged with stealing. It is only required under Article 403, C. C. P., that property be described by name, kind, quality, number, and ownership. Taking these allegations as a whole, we do not think the appellant could have possibly understood that he was charged with stealing an oil-well casing, as contended. In our opinion, the description of the property was sufficiently definite. Grissom v. State, 40 Texas Cr. R. 147, 49 S. W. 93; Campbell v. State, 61 Texas Cr. R. 504, 135 S. W. 548."

Appellant contends that this matter relative to the auto tire was a civil dispute, and that the testimony shows no criminality upon the part of Young; that all Young's dealings were out in the open, and evidenced no fraud nor intent to steal. Unfortunately for Young, when his connection with this tire was first challenged he admittedly told that which was not true, and evidently tried to deceive as to where he had obtained the tire, stating on the witness stand that his explanation of where he had obtained this tire was untrue, which false statement evidently had great weight with the jury relative to his honest possession of this allegedly stolen article. As we have heretofore held in the original opinion, we think his statement as to where he had obtained the tire, as testified to by the officers, was admissible, and had weight with the jury in destroying his later claim of a possession in good faith.

The motion is overruled.