### WILLIE BROWN V. THE STATE.

No. 21516. Delivered May 28, 1941.

The opinion states the case.

*Cline & Cline,* of Wharton, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The offense is burglary. The punishment assessed is confinement in the State penitentiary for a term of five years.

Appellant brings forward but one complaint which relates to the action of the trial court in declining to give his requested instruction to the jury to return a verdict of not guilty. It seems that the requested instruction is based upon the theory that the evidence did not support the conviction for the nighttime burglary of a private residence as charged in the indictment. The correctness of this contention of necessity depends upon the evidence adduced on the trial. Consequently we will briefly state the testimony as disclosed by the record:

Sam Smith, whose house was entered on the 19th of May, 1940, between the hours of 7:15 and 9:00 o'clock p. m., during the time that he and his family were absent, testified that they left home a few minutes after 7:00 o'clock, or about 7:15 p. m.; that during their absence some one entered the house without his consent and took therefrom two suits of clothes; that when Smith left home he had not turned on his lights, but he did turn on the lights of his car on their way to the schoolhouse where they went to attend the exercises at the close of school. Smith testified:

"It was getting dark and people turn their lights on when it

is getting dark. \* \* \*. It might not have been real pitch dark when we left, but it was getting dark."

Upon returning to his house, Smith discovered that it had been burglarized. He immediately notified the officers who arrested the appellant in the City of Houston the following day and found in his possession the two suits of clothes that had been taken from the burglarized premises.

Appellant did not testify or offer any defensive evidence.

That Smith's home was burglarized between the hours of 7:15 and 9:00 p. m., on the day in question and two suits of clothes taken therefrom is conclusively shown and not questioned. Appellant was found in possession of these clothes on the day following the burglary but he failed to explain his possession thereof; which justifies the conclusion that he committed the offense. The only issue which the evidence seems to raise is whether the burglary was committed in the nightime or in the daytime. Therefore, appellant might have been entitled to an instruction to the effect that if the jury believed from the evidence that the burglary was committed in the daytime to acquit him, but he made no such request, nor did he object to the court's charge because it did not embrace such an instruction. That appellant was not entitled to a peremptory instruction is obvious because there is ample testimony upon which the jury could base a verdict of nightime burglary. Hence we overrule his contention. See Converse v. State, No. 21,237, opinion delivered March 5, 1941, but not yet reported. (141 Texas Crim. Rep. 273.)

Finding no reversible error in the record, the judgment of the trial court is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.