## Morgan George Ward v. The State.

No. 23031. Delivered January 24, 1945.

The opinion states the case.

*Russell A. Bonham* and *King C. Haynie,* both of Houston, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

HAWKINS, Presiding Judge.

Appellant was charged in Cause No. 68,048 in the trial court with aggravated assault with a motor vehicle under Article 1149 P. C., which reads as follows:

"If any driver or operator of a motor vehicle or motorcycle shall wilfully or with negligence, as is defined in the Penal Code of this State in the title and chapter on negligent homicide, collide with or cause injury less than death to any other person he shall be held guilty of aggravated assault, and, upon conviction, shall be punished by fine of not less than Twenty-five ($25.00) Dollars, nor more than One Thousand ($1,000.00) Dollars, or by imprisonment in jail not less than one month nor

more than two years, or by both such fine and imprisonment; unless such injuries result in death, in which event the driver or operator of any motor vehicle or motorcycle shall be dealt with under the general law of homicide."

Appellant waived a jury and was tried before the court who found him guilty and fixed his punishment at a fine of $200.00.

E. E. Spaulding, the injured party, was walking along a street in Houston. A car was parked on the side of the street and Mr. Weiser, the owner, was fixing a flat tire. The car driven by appellant struck Spaulding when he was near the Weiser car. Spaulding was caught on the front fender or bumper of appellant's car and was jammed into the rear of the Weiser car.

It is not necessary to set out the evidence at length. Mr. Weiser testified that the driver of the car which struck Spaulding "Did not give his name or address out there. I did not talk to him. The only thing I seen him do after the accident was— he got out of the car and stood around. After the ambulance picked up this man (referring to Spaulding) he (appellant) went and got back in his car and stayed there until the officer came." Mr. Weiser did not undertake to identify appellant as the man who was driving the car which ran into Spaulding.

Officer Howard testified that he got to the scene of the accident at 10:05 P. M., and immediately went to the car, and appellant told him he (appellant) was the driver of the car. Mr. Spaulding testified that the accident occurred at 9:55 P. M.

Appellant did not testify and offered no evidence.

The officers testified that appellant was sitting under the steering wheel of his car; that his breath was strong with alcohol and that his talk was incoherent and rambling and that he was very drunk.

Appellant brings forward only one bill of exceptions. It reflects a complaint because the court permitted Officer Howard to testify that appellant told said officer that he (appellant) was the driver of the car. The objection to said evidence was that appellant was under arrest and that the statement was not res gestae.

It is doubtful whether the bill shows that appellant was under arrest when he made the statement. After it was made the

officer took appellant out of his car and put him in the officer's car. He testified that after he had done that he would not have let appellant go. As we understand the evidence, the statement complained of was made when the officer first arrived upon the scene and before appellant was taken into custody. Furthermore, it occurs to us that the statement was res gestae. It was made within fifteen or twenty minutes after the collision. Appellant had not talked to anyone about the transaction, was still at the scene of the accident. Nothing appears to take the incident out of the character of a spontaneous statement. "If inculpatory declarations of the defendant are res gestae they are admissible against him, though they might be incompetent as confessions." Hickman v. State, 65 Tex. Cr. R. 583, 145 S. W. 914; Bronson v. State, 59 Tex. Cr. R. 17, 127 S. W. 175, and authorities cited therein. Young v. State, 139 Tex. Cr. R. 509, 141 S. W. (2d) 315; Murrell v. State, 137 Tex. Cr. R. 92, 127 S. W. (2d) 896, 18 Tex. Jr., p. 312, sec. 193.

The judgment is affirmed.