ORA BELL JONES v. STATE

No. 32,323. November 2, 1960

*Glenn Polk,* Dallas, for appellant.

*Henry Wade,* Criminal District Attorney, *Jack Hampton, Roger Turner, Phil Burleson,* Assistants District Attorney, Dallas, and *Leon Douglas,* State's Attorney, Austin, for the state.

MORRISON, Presiding Judge.

The offense is driving while intoxicated; the punishment, three days in jail and a fine of $75.00.

Trial was before the court without the intervention of a jury.

The witness Krodel testified that as he made a turn an automobile driven by appellant ran into the side of his automobile, that as he approached appellant's automobile she was seated under the steering wheel and told him "that she had had a couple of beers and she had rather not call the law." The witness refused to express an opinion that appellant was intoxicated.

Officer Hawkins testified that he arrived upon the scene of the collision, found appellant seated in the driver's seat of one of the automobiles, that she told him she had been driving, that he smelled alcohol on her breath, that her speech was "confused or slurred," that she walked with a slight stagger, "a little abnormal," and expressed the opinion that she was intoxicated. He stated that he gave her an intoximeter test, the preliminary examination of which indicated intoxication, and that the test was turned in to the Crime Laboratory.

Officer Parker, who arrived after Hawkins had placed appellant in the police automobile, testified that he smelled alcohol on appellant's breath and noticed that her face was flushed and she "did talk with a slight coherent speech."

Dr. Morton Mason testified that a laboratory examination of the intoximeter test taken from appellant showed that she had

a concentration of 0.198 percent of alcohol in her blood, which was indicative of intoxication.

Appellant·did not testify or offer any evidence in her own behalf.

Appellant's three bills of exception relate to the admissibility of Officer Hawkins' testimony concerning his conversation with appellant upon his arrival at the scene, his observations of her, and his later conversation with her about taking the intoximeter test. We have concluded that under the holdings of this court in Ward v. State, 148 Tex. Cr. Rep. 96, 184 S. W. 2d 925; Clifton v. State, 156 Tex. Cr. Rep. 655, 246 S. W. 2d 201; McGill v. State, 153 Tex. Cr. Rep. 163, 253 S. W. 2d 667; and Piester v. State, 161 Tex. Cr. Rep. 436, 277 S. W. 2d 723, such conversations were admissible as res gestae statements.

Our holding in Jackson v. State, 159 Tex. Cr. Rep. 228, 262 S. W. 2d 499, clearly authorizes the evidence of Officer Hawkins and Dr. Mason concerning the intoximeter test.

Finding the evidence sufficient to support the conviction and no reversible error appearing, the judgment is affirmed.