**J. L. GILBREATH, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 39869.**

Court of Criminal Appeals of Texas.

Nov. 23, 1966.

Sheridan E. Taylor, Fort Worth, for appellant.

Doug Crouch, Dist. Atty., Charles D. Butts and R. J. Adcock, Asst. Dist. Attys., Fort Worth, and Leon B. Douglas, State's Atty., Austin, for the State.

OPINION

BELCHER, Commissioner.

The conviction is for felony theft of an automobile and for a like offense alleged for enhancement, and the punishment was assessed at ten years.

Notice of appeal was given on March 9, 1966.

In his brief timely filed in the trial court, the appellant assigned as error the refusal of the trial court to permit Officer Hutchions to testify before the jury on cross-examination about the statements made by the appellant at the scene of arrest when he was first questioned by Hutchions concerning his possession of the recently stolen pickup.

The state called only two witnesses: the owner of the automobile, J. H. Worthington, and Officer Hutchions, who apprehended the appellant while driving the pickup. The appellant did not testify or offer any evidence in his behalf.

Worthington testified that he left a pickup which he owned on a parking lot at 5:30 p.m., June 29, 1965; that it was then of the market value of $1,200; that he never gave the appellant or any other person his consent to take and remove the pickup from the parking lot, and next saw it at the police station about 2:30 a.m., June 30, after notice from the officers; that he did not know the appellant and first saw him the day before the trial.

Officer Hutchions testified that about 1 a.m., June 30, 1965, he saw the appellant seated under the steering wheel of a pickup parked at the curb, and two other men were in the cab; that he followed the pickup as it was driven away but it soon stopped and another man got in the cab, and on following further he stopped it for a traffic violation, the patrol car stopping about ten feet to the rear of the pickup; that the appellant was driving the pickup, and on being then asked about his driver's license

only, the appellant said he had none but exhibited an instrument showing a safety responsibility suspension; that he then placed the appellant in the patrol car and returned to the pickup to check out the other three occupants, and while talking with them noticed by the aid of his flashlight that the ignition key was missing yet the motor was running and the lights were on; that he opened the driver's door of the pickup and on investigation found that the ignition had been "wired around"; and that it took fifteen minutes or a little longer to check out the pickup, its ignition, and the three men in it, during which time the appellant was sitting in the patrol car.

In the absence of the jury, the appellant cross-examined Officer Hutchions about statements made to him by the appellant at the time he returned to the pickup concerning how appellant became the driver of the pickup.

The state's objection to said testimony had been sustained; and the appellant introduced the testimony of Hutchions in perfecting his bill of exception.

In the absence of the jury, Officer Hutchions testified in part as follows:

"Q When you talked to Mr. Gilbreath (appellant), that was the first time you had talked to him subsequent to the time you had stopped him, isn't that right?

"A Yes, sir, it is.

"Q And during that discussion or questioning of him, after you had talked to the other occupatns, was the first time that you had talked to him is that correct?

"A Outside of talking to him about the driver's license, yes, sir.

"Q All right, outside of talking to him about the driver's license?

"A Yes, sir.

"Q This was the first time you talked to him after you discovered that there was a wiring—that the thing had been wired around the ignition switch, is that right?

"A Yes, sir, it is.

"Q And you went back to your car, to the patrol car, and got in and commenced a discussion with Gilbreath?

"A Yes, sir, I did.

"Q And then it was that you asked him for the first time how he happened to be the driver of that automobile, is that correct?

"A Yes, sir, it is.

"Q And didn't he tell you then that Smith had asked him to drive the car for him?

"A Yes, sir, he did.

"Q And Smith was one of the other occupants of the automobile, is that not correct?

"A Yes, sir, it is.

        *        *        *        *        *        *

"Q Just to clarify the record, Officer Hutchions, I asked you about a man by the name of Smith, and a man by the name of Smith was the white occupant of this vehicle also, was he not?

"A He was the other white occupant of it, yes, sir.

        *        *        *        *        *        *

"Q Now, officer, how do you know it was fifteen minutes or more?

"A From the time I stopped, sir, the dispatcher told me what time it was, and the time I took him into custody and actually placed him under arrest, was over seventeen minutes, sir.

        *        *        *        *        *        *

"The Court: Mr. Bailey, since we are out of the presence of the jury, I remember very well what he said. He

said the ten to fifteen minutes and then he said it was more than, that it was fifteen minutes or more. I remember very well what he said."

The appellant offered in evidence the foregoing testimony of Officer Hutchions on the ground that it was an explanation made by him at the time his possession of the pickup was first questioned, and to support his plea of not guilty of the theft of the pickup.

To the trial court's refusal to admit said proffered testimony before the jury, the appellant duly and timely excepted.

There is no direct evidence showing who took the pickup from the parking lot. The state relies solely upon circumstantial evidence to support the conviction.

55 Tex.Jur.2d 490, Sec. 221, reads:

"The defendant's statements or declarations explanatory of his possession made when his right to the property was first questioned are admissible in his favor or against him, and may be considered by the jury in determining his guilt or innocence. Thus his declarations and statements that show the character of his possession and his intent with regard thereto, or which tend to show a taking on a claim of right or an open assertion of right, are admissible in his favor, though not strictly within the rule of res gestae."

■ The accused's explanation of his possession of property supposed to have been recently stolen is admissible as original evidence in his behalf, if made at the time his possession was first directly or circumstantially challenged, or when charged with the theft. 5 Branch 2d 98, Sec. 2651; Hodge v. State, 41 Tex.Cr.R. 229, 53 S.W. 862; Johnson v. State, 165 Tex.Cr.R. 468, 308 S.W.2d 869.

■ It is concluded that the proffered testimony of Officer Hutchions was admissible and should have been admitted in evidence before the jury, and that the trial court erred in excluding it.

For the reason stated, the judgment is reversed and the cause remanded.

Opinion approved by the court.