**Benjamin GARCIA, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 46344.**

Court of Criminal Appeals of Texas.

June 27, 1973.

Rehearing Denied July 17, 1973.

John F. Maner, Lubbock, for appellant.

Jack Young, Dist. Atty., Muleshoe, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

OPINION

ODOM, Judge.

This appeal is from a conviction for the offense of burglary of a private residence at night; punishment was assessed by a jury at eight years.

The record reflects that Harold Carpenter's house was burglarized on September 8, 1971. Taken from the home, which was shown to be located approximately seventeen miles east of Farwell, was a Magnavox Stereo, a Remington Shotgun, a small marble-top table, a mirror, a vacuum cleaner, typewriter, jewelry box and other items of personalty. On September 20, 1971, several of the missing items were found at appellant's home in Hereford.

Appellant's sole ground of error is a contention that the evidence fails to show a burglary of a private residence at night. He introduced into evidence a chart of the National Weather Bureau which showed that the sun set at 8:13 P.M. on the evening of September 8, 1971. He argues that the evidence fails to show that the burglary occurred later than 8:43 P.M., which would be thirty minutes after sunset.

Article 1396, Vernon's Ann.P.C., provides:

"By 'daytime' is meant any time of the twenty-four hours from thirty minutes before sunrise until thirty minutes after sunset."

The question thus presented is whether the evidence is sufficient to show that the burglary occurred after 8:43 P.M.

To prove that it did, the state produced five witnesses. Harold Carpenter testified that he and his family left their house at 8:30 P.M. on the date in question and returned at approximately 10:00 P.M. that same evening. It was during this interim that the house was burglarized. On cross-examination he testified:

"Q. Okay. So you left your house about 8:30, or thereabouts, on that night?

A. It was 8:30 when I left.

Q. All right, fine. Then you said as you turned to the west, you turned your lights on at that time?

A. Yes.

Q. All right. Do you have any idea what time the sun set on that particular night?

A. It was after sun-set.

Q. All right. It was after sun-set when you left?

A. Yes, it was what we out in the boon docks call dusky dark."

Mrs. Carpenter testified that she and her husband arrived at church a "little later" than 8:40 P.M. She said that they left home at 8:30 and that it normally takes "ten or fifteen minutes" to drive from their home to the church.

Webb Gober testified that he lived approximately six miles west of the Carpenter house and that on the evening in question he was at a location a half mile west of his home when he talked to the appellant "between sundown and dark." He stated that the appellant then left the location and drove off in a direction toward the Carpenter house.

Mrs. Jack Roach testified that the appellant came to her house between sundown and dark, at approximately 8:30 P.M. It was established that her house is approximately a mile and a half from the Carpenter house.

Gregg Hromas testified that on the date in question he arrived at his barn at "about twenty until nine." Thereafter, he saw a vehicle, which matched the description of the appellant's vehicle, proceeding in the direction of the Carpenter house. The evidence shows that the Hromas barn is approximately one-half mile west of the Carpenter house.

In Brown v. State, 142 Tex.Cr.R. 75, 151 S.W.2d 600, the evidence showed that the house was burglarized between 7:15 and 9 o'clock P.M. The owner of the house testified that when the family left the house in their automobile he had not turned on his lights, but he did turn them on on the way to the school house where they were to attend the exercises at the close of school. He testified: "It was getting dark and people turn their lights on when it is getting dark . . . It might not have been real pitch dark when we left, but it was getting dark." The evidence was held sufficient to support a verdict of nighttime burglary. See also Parrish v. State, 138 Tex.Cr.R. 150, 134 S.W.2d 271; Redd v. State, 109 Tex.Cr.R. 637, 6 S.W.2d 371.

The jury in the instant case was charged on the law of circumstantial evidence and instructed to acquit unless they were satisfied beyond a reasonable doubt that the burglary was committed at night. We find the evidence sufficient to support their verdict.

There being no reversible error, the judgment is affirmed.